NAME:
> KEITH CROSBY
> REG. NO. 29802-066

ADDRESS:
> F.C.I. ALLENWOOD
> P.O. BOX 2000
> WHITEDEER, PA  17887

or PLACE OF CONFINEMENT & PRISON NUMBER

*Note:*  *If represented by an attorney, his name, address & telephone number*

*Note:*  *It is your responsibility to notify the Clerk of the Court, in writing of any change of address*

# 4: CV-00.2211

## *United States District Court*

CASE NO:_____
(To be supplied by the clerk of the United States District Court)

FULL NAME: (Include name under which you were convicted)
KEITH CROSBY,                     *Petitioner,*

*vs.*

**PETITION FOR WRIT OF HABEAS CORPUS
BY A PERSON IN FEDERAL CUSTODY
28 U.S.C. § 2241**

NAME OF WARDEN (or other authorized person having custody of petitioner)
*Respondent.*

## INSTRUCTIONS - READ CAREFULLY

This petition shall be legibly handwritten or typewritten, signed by the petitioner, under penalty of perjury. You must set-forth *CONCISELY* the answer to each question in the proper space on the form. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury.

You must not attach separate pages to this except that *ONE* separate additional page is permitted in answering Question No. 9.

FILED
SCRANTON
DEC 2 0 2000
DEPUTY CLERK

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY

Upon receipt of a fee of $5.00, you petition will be filed if it is in proper order.

If you are seeking leave to proceed in forma pauperis (without paying the $5.00 fee and other court costs), then you must also execute the declaration on the last page, setting forth information which establishes your inability to pay the fees and cost of the proceedings or to give security therefor. If you wish to proceed in forma pauperis, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution. If you prison account exceed $25.00, you must pay the filing fee as required by the rule of the district cour..

When the petition is completed, the *original and two copies* must be mailed to the Clerk of the United States District Court for the

Only one sentence, conviction or parole matter may be challenged in a single petition. If you challenge more than one, you must do so by separate petitions.

Petitions which do not conform to these instruction will be returned with a notation as to the deficiency.

PLEASE COMPLETE THE FOLLOWING: (check appropriate number)

This petition concerns:

1. ☐ a conviction
2. ☐ a sentence
3. ☐ jail or prison conditions
4. ☐ prison discipline
5. ☒ a parole problem
6. ☐ other

# PETITION

1. Place of confinement _____ F.C.I. ALLENWOOD (MED)

2. Name and location of court which imposed sentence  U.S. PAROLE COMMISSION
   _____

3. The indictment number or numbers (if known) upon which, and the offense or offenses for which, sentence was imposed:
   (a) __ PAROLE REVOCATION: NEW CONDUCT WAS NOT CHARGED.
   (b) _____
   (c) _____

4. The date upon which sentence was imposed and the terms of the sentence:
   (a) __ DECEMBER 5, 1995
   (b) __ ORDERED TO SERVE 10 YEARS OF REMAINING 17 YEAR PAROLE BACK UP.
   (c) _____

5. Check whether a finding of guilt was made:
   (a)   ☐ After a plea of guilty
   (b)   ☐ After a plea of not guilty
   (c)   ☐ After a plea of nolo contendere

6. If you were found guilty after a plea of not guilty, check whether that finding was made by:
   (a)   ☐ a jury
   (b)   ☐ a judge without jury

7. Did you appeal from the judgment of conviction or the imposition of sentence?
   ☒ Yes        ☐ No

8. If you did appeal, give the following information for each appeal:
   (a)(1) Name of Court_ NATIONAL PAROLE BOARD
   (2) Result  CONTINUED TO PRESUMPTIVE PAROLE UNTIL AFTER 120 MONTHS
   (3) Date of Result  MAY 3, 1994
   (4) Citation or number of opinion  N/A

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY

(5) Grounds Raised *(list each)* _____

    (A)   Mitigating circumstances justified different decision.

    (B)   Decision was based on erroneous information.

    (C)   More lenient decision should have been rendered on grounds

    (D)   of fairness.

(b)(1) Name of Court _____ (Same as set forth in number 8)

  (2) Result _____

  (3) Date of result _____

  (4) Citation or number opinion _____

  (5) Grounds raised (list each)

    (A) _____

    (B) _____

    (C) _____

    (D) _____

CAUTION: If you are attacking a sentence imposed under a federal judgment, you must first file a direct appeal or motion under 28 U.S.C. § 2255 in the federal court which entered judgment.

9.   State *CONCISELY* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, attach a SINGLE page only behind this page.

CAUTION: If you fail to set forth all grounds in this petition, you may be barred from presenting additional ground at a later date.

  (a)   Ground One____ PAROLE REVOKED BASED ON FABRICATED INFORMATION IN

VIOLATION OF PETITIONER'S FIFTH AMENDMENT.

Supporting *FACTS* (tell your story *BRIEFLY* without citing cases or law).

CAUTION: You must state *facts not conclusions* in support of your grounds. A rule of thumb to follow is - who did exactly what to violate your rights at what time or place.

(SEE PRECEDING PAGE FOR SUPPORTING FACTS)

_____

_____

_____

_____

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY

**SUPPORTING FACTS:**

During petitioner's December 5, 1993, parole revocation hearing, the commission's witness Rodney Scott a/k/a Yaku Shaka fabricated petitioner's involvement in a April 26, 199, Maryland Permanent Bank & Trust Company bank robbery, that was not connected with or to a July 16, 1993, bank robbery that included himself and subject Toney Wilder, who conceded to and pleaded guilty in relation. No new conduct was brought against petitioner based on Mr. Scott's incriminating statements.  As a result, petitioner was ordered by the commissioner to serve 10 years of a remaining 17 year parole back-up.  Petitioner claims he is innocent of the alleged crime Mr. Scott implicated him in before the commissioner.  And in further support of petitioner's position, the attached sworn affidavits, herewith as Exhibits A & B, which have been supplied by Mr. Scott and Mr. Wilder, exonerates petitioner's alleged involvement in the crime charged by Mr. Scott before the commissioner.  Wherefore, petitioner requests an evidentiary hearing on the merits of his innocence and the substantiated sworn affidavits, or in the alternative, that he be immediately released from federal custody, or any other relief the court may deem appropriate.

**NOTE:** Because the U.S. Parole Commission has failed to respond to or act on petitioner's request for relief at this point of his incarceration, based on the newly discovered information supplied

by the aforementioned individuals, pursuant to 28 C.F.R. § 2.28
(Reopening of Cases), petitioner has no other alternative but to
turn towards the court for the appropriate relief and disposition
he seeks in resolving this matter in the interest of justice.  (see
Exhibit C)

10. Have you ever filed previous petitions for habeas corpus, motions under Section 2255 of Title 28, United States Code, or any other applications, petitions or motions with respect to this conviction?
☐ Yes   ☒ No

11. If your answer to Question No. 10 was yes, give the following information:

(a)(1) Name of Court _____ N/A _____

(2) Nature of proceedings _____

(3) Grounds raised _____

_____

_____

(4) Result _____

(5) Date of Result _____

(6) Citation or numbers of any written opinions or orders entered pursuant to each disposition.

_____

(b)(1) Name of Court _____

(2) Nature of proceedings _____

(3) Grounds raised _____

_____

_____

(4) Result _____

(5) Date of Result _____

(6) Citation or numbers of any written opinions or orders entered pursuant to each disposition.

_____

12. If you did not file a motion under Section 2255 of Title 28, United States Code, or if you filed such a motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention.                 N/A

_____

_____

_____

_____

_____

_____

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY

13.    Are you presently represented by counsel? ☐ Yes    ☒ No

If so, name  address and telephone number _____

Case name and court _____

14.    If you are seeking leave to proceed in *forma pauperis*, have you completed the declaration setting forth the required information?

☒ Yes   ,   ☐ No,

WHEREFORE, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

_____
*Signature of Attorney (if any)*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on   Nov. 20TH. 2000
_____
                          *(date)*

Keith Crosby #29802-006
*Signature of Petitioner*

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEITH CROSBY                )
                            )
                            )
        v.                  )            Case No.
                            )
                            )
WARDEN MICHAEL ZENK         )
F.C.I. ALLENWOOD            )

---

ATTONEY'S FOR PETITIONER: KEITH CROSBY, Pro se
ATTORNEY'S FOR RESPONDANT: ATTORNEY GENERAL JANET RENO, Esq.

---

## MEMORANDUM IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS

KEITH CROSBY, Petitioner, is not professionally trained to litigate this petition, he has maintained his innocences from the beginning and a miscarriage of justice does exist.  Petitioner's release would not depreciate the seriousness of this offense or jeopardize the public welfare, should this Court grant habeas corpus relief.

-1-

Petitioner, prays that this Court rule on the merits of this petition and not continue a miscarriage of justice by procedurally barring the petitioner's pro se petition because it is imporperly drafted and does not meet the stringent standards than formal papers drafted by lawyers. See <u>Haines v. Kerner</u>, 404 U.S. 519, 520-521 (1972).

## JURISDICTION

This Court has jurisdiction to entertain, rule on the merits, and grant relief in claim number one and claim number two under 28 U.S.C. § 2241. The petitioner is "in custody" in violation of the Constituion, laws or treaties of the United States. [28 U.S.C. § 2241.

## JUDGEMENT REQUESTED

Pursuant to section 2241 proceedings, petitioner ask this Honorable Court to ORDER an evidentiary hearing where he can prove the allegations herein by: (A) petitioner's own testimony; (B) the testimony of respondent's witnesses; (C) additional evidence; and (D) legal argument to be presented at the hearing.

Upon proof of petitioner's allegations herein, petitioner ask this Court to: ORDER that the petition for Writ of Habeas Corpus be granted.

## VERIFICATION

The facts set forth herein that are based on the personal knowledge of the petitioner are true and correct. The rest of the allegations are pleaded on information and belief.


Signed under penalty of perjury under 28 U.S.C. 1746 this 20TH day of November 2000.

*Keith Crosby #29802-066*
KEITH CROSBY


## ISSUE PRESENTED

1) Whether the petitioner is "in custody" in violation of the Constitution, laws or treaties of the United States.

2) Whether there has been a denial of "Due Process" in violation of the Constitution of the United States.


## BACKGROUND

In May, 1986, petitioner was sentenced to a term of imprisonment of twenty-five (25) years for bank robbery and use of a firearm during a crime of violence.

On February 2, 1993, the United States Parole Commission ordered him released on supervised parole until December 2, 2010. Thereafter, in a letter dated August 10, 1993, Crosby's pro-

-3-

bation officer informed the Commission that he had violated the
conditions of his parole and recommended that a violator's warr-
ant for his arrest be issued.

Specifically, the Commission was advised that petitioner,
who was subject to drug aftercare conditions of parole, had re-
cently twice tested positive for drugs, failed to make six drug
treatment appointments, and was implicated, according to infor-
mation obtained by the Federal Bureau of Investigation (FBI),
in a number of bank robberies between April and July, 1993.

As a result petitioner was charged with violating the condi-
tions of his parole as follows: Committing armed bank robbery;
failing to notify his probation officer of his criminal involve-
ment; associating with persons having a criminal record and/or
engaged in criminal activity; use of dangerous and habit forming
drugs; failing to keep scheduled appointments required pursuant
to his special parole condition of drug aftercare in a warrant
application dated August 24, 1993.  He was later charged with
the additional violation of unauthorized possession of a firearm.

Following petitioner's arrest, he was given a preliminary
interview on September 3, 1993 during which he admitted to the
drug and special aftercare program violations but denied all other
charges.  In a letter dated October 5, 1993, he was notified that
probable cause had been found on the following charges: armed
bank robberies; failure to notify the United States Probation

-4-

Office (U.S.P.O.) of criminal involvement: association with persons having criminal record/engaged in criminal activity; use of dangerous and habit forming drugs; violation of special condition; and unauthorized possession of firearm.  That letter also advised petitioner that three adverse witnesses would be subpoenaed to appear at the revocation hearing, namely Glenn Graves, Federal Bureau of Investigation (FBI), Rodney Scott, and detective sergeant George Cunningham.  Additionally, under cover of that letter petitioner was provided with copies of the warrant dated August 24, 1993, warrant application dated August 24, 1993, the supplement date 10/5/93, the preliminary interview summary report date 9/3/93, and the probation officer's 8/10/93 letter with the supporting FBI affidavit and PharmChem lab reports.

A local revocation hearing, at which petitioner was represented by counsel, was held on December 1, 1993.  Although petitioner had not requested any witnesses, the Commission called FBI agent Graves, U.S. Probation Officer Walter Dent, and Rodney Scott as adverse witnesses.  During the petitioner admitted to the charge of drug use but denied all other charges, including possession of a firearm.  Testimony from FBI agent Graves indicated that during April through July 1993 he investigated a series of bank robberies which were all committed by three black males with ski masks, one of whom would count the time out side.  According to Graves in May, 1993 he was advised by an informant that petitioner had participated in these robberies with two

-5-

other persons he had been incarcerated with.  Following a robbery
on July 16, 1993, two males were arrested, Rodney Scott (a.k.a.
Yaqub Shaka) and Tony Wilder.  Scott implicated himself in three
bank robberies in Maryland and also stated that petitioner and
Wilder were participants in the robbery which took place on
4/26/93 at the Maryland Permanent and Trust Company.  Addition-
ally, Graves testified that during a consent search of Wilder's
residence papers were uncovered which contained the phone number
of the place where petitioner was residing at the time.  Agent
Graves also testified that a video of another bank robbery
"showed a person similar to petitioner carrying a revolver",
and that an informant had informed the FBI that petitioner had
admitted his participation in a bank robbery prior to the arrests
of Scott and Wilder to people close to him.

     The Commission also heard from Scott, who . . . indicated
he had known the subject [Crosby] for over 12 years.  He indicated
that he was confined with subject and since he had been on parole
he had contact with petitioner about two times a week.  He in-
dicated that subject was involved in a robbery with him on 4/26/93.
The hearing examiner concluded that petitioner had committed the
bank robbery as well as the other offenses charged and recommended
that his parole be revoked with credit for time spent from 2/3/93
through 8/31/93, and that he continue to a presumptive parole
after service of 70 months (7/1/99) with special drug after-
care condition.

-6-

On December 16, 1993, the Commission issued a Notice of
Action.  The Notice indicated that the Commission had found
as a fact that petitioner had violated conditions of his parole
as charged based upon the testimony of agent Graves, Scott and
the documentation submitted by the U.S. Probation Officer dated
revoked, that he can be credited with the time spent on parole
from the time of his release until August 31, 1993, and that
he continue to a presumptive parole after service of 120 months
(September 1, 2003) was special aftercare drug condition.
In support of its decision to require service of 120 months,
an amount above petitioner's guideline range of 60 - 72 months,
the Commission stated as follows:

> Your parole violation behavior has been rated
> as new criminal conduct of category five severity
> because it involved ban robbery.  Your new salient
> factor score is 3.  You have been in federal
> confinement as a result of your violation be-
> havior for a total of 3 months.  Guidelines
> established by the Commission indicate a custo-
> mary range of 60 - 72 months to be served before
> release.  After review of all relevant factors
> and information presented, a decision above
> the guidelines appears warranted because you
> are a more serious risk than indicated by your
> salient factor score in that you have a history
> of assaultive behavior as evidenced by conviction
> for assault with intent to rob (1973); bank
> robbery 1978; and bank robbery (1986).  You
> were on parole for approximately two months when
> you became involved in a new robbery offense.
> When apprehended by the U.S. Marshals you were
> found to be in possession of a handgun.

Petitioner appealed this decision to the National
Appeals Board (Appeals Board) on the ground that "...there

-7-

was insufficient evidence to support the findings that [he]
robbed a bank on April 26, 1993, associated with a person who
has a criminal record, and possessed a firearm without proper
authorization." On July 27, 1994, the Appeals Board issued
a Notice of Action Appeal affirming the Commission's decision.
A statutory interim hearing was held on December 5, 1995, fol-
lowing which the Commission issued a Notice of Action dated
January 18, 1996 indicating no charge in the previous determi-
nation that petitioner serve to a presumptive parole date of
9/1/2003.  This decision was also appealed to the Appeals Baord,
Which by Notice of Action on Appeal dated November 1, 1996,
indicated its affirmance of the interim decision as no new infor-
mation had been provided which warranted any change since the
initial decision.

Subsequently, by letter dated May 28, 1997, petitioner
requested that his case be reopened pursuant to 28 C.F.R.
§ 2.28 on the basis of newly discovered evidence.  Specifically,
he contends that since his initial revocation hearing Scott
had recanted his testimony concerning petitioner's involvement
in the bank robbery of April 26, 1993 and attached Scott's affi-
davit so stating.  Additionally, also attached to the letter was
an affidavit executed by Tony Wilder, who had himself been ar-
rested and convicted of bank robbery, which stated that he plead
guilty to bank robbery based on potential incriminating testi-

-8-

mony of Scott, that he was aware Scott had implicated peti-
tioner in the bank robbery along with Wilder but that peti-
tioner "...was not involved in any robberies in which Mr. Scott
alleges."

A second statutory interim hearing was held on December
1, 1997.  The hearing summary indicates that petitioner was
repersented at this proceeding by Richard Whitmire, a public
health service employee detached to the B.O.P. at USP Lewis-
burg, and that three institutional misconducts for drug use,
to which petitioner plead guilty, were condidered.  A Notice
of action dated December 22, 1997 was issued which advised
petitioner that the Commission had found that he committed the
three drug related violations, rescinded his presumptive parole
date of 9/1/2003 and ordered him to continue to a presumptive
parole date of 8/31/2004, requiring service of twelve additional
months.

Petitioner filed a habeas corpus 7/16/97 petition seeking
either an evidentiary hearing on the merits of his innocence
in light of the affidavits of Scott and Wilder, copies of which
he attached to his petition, or his immediate release.

The response to the petition indicates that "the record
does not definitively demonstrate" that petitioner's May 28,
1997 request for reopening was reviewed and may have been in-
advertently placed in his file without any review.  Accordingly,

-9-

when the Commission's attention was directed to that request
by the initiation of the 7/16/97 habeas corpus action, an ex-
pedited review was conducted.  Upon review, it was determined
that the Scott affidavit did not warrant the reopening of peti-
tioner's case because "...the affidavit lacks credibility...".

Specially, the reasons given for this determination, were
in part, as follows:

> My view is that the affidavit lacks credi-
> bility, because Scott claims he was only saying
> what he thought the examiner wanted to hear,
> but he had also admitted to the FBI his parti-
> cipation in the April 26 robbery, and had told
> the FBI that Crosby had participated in that
> robbery.  In addition, other evidence links Crosby
> to Scott and Wilder (the third robber), speci-
> fically a piece of paper found during a search
> of Wilder's home with Crosby's phone number on
> it, and the information provided by an FBI in-
> formant testified to by the FBI agent) that Crosby
> had participated in the robberies with persons
> he had been incarcerated with.  (Crosby had been
> incarcerated with Scott)  I therefore recommend
> against reopening.

On February 10, 1999, the 7/16/97 habeas corpus
petition seeking relief was denied.  Petitioner raises
the claim that he is "in custody" in violation of the con-
stitution, laws or treaties of the United States and claims
"Due Process" violations of the Fifth and Sixth Amendments.

## ARGUMENT

Petitioner urges that the Parole Commission:

1.  August 10, 1993, petitioner's parole officer in-

formed the Commission that he had had violated the conditions of his parole and recommended that a **violators warrant for his arrest be issued**.  Specifically, the Commission was advised that petitioner was implicated, according to information obtained by the FBI, in a number of bank robberies between April and July, 1993.

2.  As a result petitioner was charged with violating the conditions of his parole as follows: committing armed bank robbery; failing to notify his parole officer of his criminal involvement; associating with persons having a criminal record and/or engaged in criminal activity.

3.  In a letter dated October 5, 1993, petitioner was notified that probable cause had been found on the following charges: armed bank robberies; failure to notify the U.S. Parole Officer of criminal involvement; association with persons having a criminal record/engaged in criminal activity.

4.  On December 1, 1993, the Commission (Hearing Examiner) concluded that petitioner had committed bank robbery as well as the other offenses charge and recommended that his parole be revoked.

5.  On December 16, 1993, the Commission issued a Notice of Action.  The Notice indicated that the Commission had found as a fact that petitioner had violated the conditions of his

-11-

parole as charged based upon the testimony of agent Graves,
Scott and the documentation submitted by the U.S. Parole Of-
ficer dated revoked.

6.   In support of its decision to require service of 120
months, an amount above petitioner's guideline range of 60 -
70 months, the <u>Commission stated as follows</u>:

> **Your parole violation behavior has been rated
> as new criminal conduct of category five sever-
> ity because it involved bank robbery.**

7.   Petitioner appealed this decision to the National Ap-
peals Board (Appeals Board) on the ground that "...there was
insufficient evidence to support the findings that [he] robbed
a bank on April 26, 1993.

8.   On July 27, 1994, the Appeals Board issued a Notice
of Action on appeal affirming the Commission's decision.  (Em-
phasis added)  Petitioner has maintained his innocence from
the beginning.

The question presented is whether the Due Process Clause
of the Fourteenth and Fifth Amendments require that a factual
determination authorizing a guilty findings for an offense of
bank robbery be made by a jury on the basis of proof beyond
a reasonable doubt or by the Parole Commission?

Petitioner argues that the Due Process Clause of the United

-12-

parole as charged based upon the testimony of agent Graves, Scott and the documentation submitted by the U.S. Parole Officer dated revoked.

6.   In support of its decision to require service of 120 months, an amount above petitioner's guideline range of 60 - 70 months, the <u>Commission stated as follows</u>:

> **Your parole violation behavior has been rated as new criminal conduct of category five severity because it involved bank robbery.**

7.   Petitioner appealed this decision to the National Appeals Board (Appeals Board) on the ground that "...there was insufficient evidence to support the findings that [he] robbed a bank on April 26, 1993.

8.   On July 27, 1994, the Appeals Board issued a Notice of Action on appeal affirming the Commission's decision.   (Emphasis added)  Petitioner has maintained his innocence from the beginning.

The question presented is whether the Due Process Clause of the Fifth and Sixth Amendments require that a factual determination authorizing a guilty findings for an offense of bank robbery be made by a jury on the basis of proof beyond a reasonable doubt or by the Parole Commission?

Petitioner argues that the Due Process Clause of the United

-12-

States Constitution requires that the finding of guilt to bank robbery upon which his parole violation sentence was based must be proved to a jury beyond a reasonable doubt, In Re Winship, 397 U.S. 358 (1970).  See also Apprendi v. New Jersey, __U.S.__, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

"Under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maxi-mum penalty for a crime must be charged in an indictment, sub-mitted to a jury, and proven beyond a reasonable doubt." Jones v. United States, 526 U.S. 227 (1999).  In the instant case the issue of fact that increase the maximum penalty for a crim is moot because not one of the alleged participants was arrested by the FBI and charged with committing the 4/26/93 bank robbery, no criminal complaint was filed, no indictment filed, and the case was not submitted to a jury and proven beyond a reasonable doubt.  Any sentence under these circumstances constitute an increase maximum penalty for a crime that the petitioner did not commit.

Additionally, the Commission used its findings that the petitioner had committed bank robbery to establish the peti-ioner's guideline range of 60 - 72 months.  The Commission used the same findings to increase the maximum penalty above the guide-lines range maximum of 72 months to 120 months stating as follows:

-13-

"Your parole violation behavior has been rated as new criminal conduct of category five severity because it involved bank rob-bery."

At stake in this case are Constitutional protections of surpassing importance: the proscription of any deprivation of liberty without "Due Process of law", Amendment 5, and the guarantee that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury", Amendment 6.  Taken together, these rights indisputably entitle a criminal defendant to "a jury determination that [he] is guilty of every element of the crime with which he is charged beyond a reasonable doubt."  United States v. Gaudin, 515 U.S. 506, 510 (1995); see also Sullivan v. Louisiana, 508 U.S. 275, 278 (1993); Winship, 397 U.S. at 364 ("The Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged").  See Apprendi v. New Jersey, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

Petitioner argues that he is denied Constituional protection when he was denied a jury determination that he is guilty of the crime with which he is charged.  When the Hearing Examiner's (the Commission) finding based on a mere preponderance of the evidence authorizes a 10 years sentence, it can hardly be said that the potential of one's sentence of 10

-14-

years for parole violation (bank robbery) has no more than
a nominal effect.   Both in terms of absolute years behind bars,
and because of the more severe stigma attached, the different-
ial here is unquestionably of Constitution significance.

Moreover, there is a vast difference between accepting
the validity of a prior judgment of conviction entered in a
proceeding in which the defendant had the right to a jury trial
and the right to require the prosecutor to prove guilt beyond
a reasonable doubt, and allowing the Commission to find the
required fact under a lesser standard of proof.

The Supreme Court Justices in a majority ruling in Apprendi
v. New Jersey endorses the following principle: "It is un-
constitutional for a legislature to remove from the jury the
assessment of acts that increase the prescribed range of
penalties to which a criminal defendant is exposed.   It is
equally clear that such facts must be established by proof
beyond a reasonable doubt." Apprendi v. New Jersey, 120 S.Ct.
2348, 147 L.Ed.2d 435 (2000); quoting Jones v. United States,
526 U.S. at 252-253.

Petitioner argues that the same rule of law is applicable
to the Parole Commission whereas it is unconstitutional for a
legislature to remove from the jury the assessment of acts than
permit the same facts to be used by the Parole Commission to
increase the proscribed range of penalties to which a criminal

-15-

defendant is exposed.

## DUE PROCESS

Petitioner petitioned the United States District Court for the Middle District of Pennsylvania for writ of Habeas Corpus Relief pursuant to 28 U.S.C. § 2241, which was denied.

The District Court's standard of review is limited to an abuse of discretion, <u>Green v. U.S. Parole Commission</u>, 749 F.Supp. 650, 563 (M.D.Pa. 1990);

> It is well-established that a federal district
> court's review of a Parole Commission's decision
> is restricted to an 'abuse of discretion' stand-
> ard-determining whether there exists a national
> basis in the record for the Commission's action.
> <u>Campbell v. U.S. Parole Commission</u>, 704 F.2d
> 106, 109-10 (3rd Cir. 1983)(quoting <u>Zannino v.
> Arnold</u>, 531 F.2d 687, 291 (3rd Cir. 1976)("our
> inquiry in reviewing a Parole Commission decision
> is only whether there is a rational bases in
> the record for the Board's conclusions embodied
> it its statement of reasons.").

Petitioner urges that there is no rational basis in the re-cord for the Parole Commission's decision or the District Court's reliance thereof.  A later decision by the Third Circuit citing <u>Gambino v. Morris</u>, Civil Action No. 96-4559 (criminal no. 84-98) (April, 2000), plus the Supreme Court ruling citing <u>Apprendi v. New Jersey</u>, 120 S.Ct. 2348 (2000) warrant an evidentiary hearing to determine whether the rule of law from the recent Court de-cisions are applicable in the instant case to support the "Due

-16-

Process" claim.

The District Court reviewed the evidence in the record to see if it was rationally related to the Parole Commission's decision. Additionally a review of the record before it, the Court is of the view that the Commission's decision should not be disturbed as there is a rational basis in the record to support it. The Court found that the Parole Commission relied on three facts to support its findings that petitioner committed the offense of bank robbery: (1) FBI agent Graves' testimony that petitioner had been implicated in bank robberies in association with persons he had previously been incarcerated with by an informant; (2) a search of Wilder's residence had uncovered papers containing petitioner's current phone number; and (3) Scott's testimony that petitioner had participated with him and Wilder in the April, 1993 bank robbery.

The petitioner urges this Court to analyze each of these three factors separately in comparison with the Third Circuit's ruling citing Gambino v. Morris, Civil Action no. 96-4559 - Criminal no. 84-98 (April - 2000).

Petitioner argues that, first, the testimony from FBI agent Graves did not support the Parole Commission's conclusion. The implication by an informant of petitioner in bank robberies in association with persons he had previously been incarcerated with is vague. This fact suggests that the petitioner, Wilder,

-17-

and Scott had a past which included bank robbery and happened
to be incarcerated at the same federal prison.  It does not link
petitioner himself to the crime.

The agent's testimony is not that the petitioner partici-
pated in the bank robbery but that he was implicated in bank
robberies by an informant; meaning that if the petitioner's
name is mentioned in any capacity related to the crime, he has
been implicated.  In the <u>Gambino v. Morris</u> case, the Parole Com-
mission relied on a reliable, but unnamed, informant who identi-
fied Mr. Gambino as a member of the Gambino family of La Cosa
Nostra, to support its findings that Mr. Gambino was a member
of a crime family, <u>Gambino v. Morris</u>, 134 F.3d 156, 161 (3rd Cir.
1998).

The Third Circuit found that this "bald assertion" from an
"unverified source" did not supply a rational basis to deny parole
(Id. at 163).  Finally, the Court found that the hearsay allega-
tions of the "reliable, unnamed informant" were similarly flawed.
(Id.)  Although the Court acknowledged that the Parole Commission
could consider hearsay, <u>see</u> <u>Campbell</u>, 704 F.2d at 109-110, it
found that in the context of this case, this allegation was not
sufficient.

Petitioner argues that the rule of law by the Third Circuit
(Id.) in Gambino v. Morris is applicable in the instant case
which supports the instant "Due Process" claim with the guarantee

-18-

to equal protection of the law.

Second, the Commission relied on the fact that papers containing petitioner's current phone number was uncovered after a search of Wilder's residence.  The petitioner does not dispute his association with Wilder nor the fact that Wilder had his current phone number.

In the parole hearing, the petitioner stated that he was subject to drug aftercare condition of parole.  One of the conditions of the aftercare was to attend mandatory group meetings, those group meetings were made up of men on federal parole or they were mandated to the drug program by the Courts.  Wilder was a member of my aftercare group.  Additionally, the group was modeled after 12th step programs, in that, the group members were required and encouraged to exchange phone numbers to form a support network for themselves.  The stated reasons are the basis for petitioner's association with Wilder and the reason that his current phone number was in Wilder's papers at his residence.  Those reasons are simply insufficient cause to subject the petitioner to an extra 10 years of incarceration and to create a rational basis for the Parole Commission's decision.

In Gambino v. Morris the Parole Examiner reviewed as evidence the address book found in Gambino's home as sufficient evidence to deny Gambino parole.  The Third Circuit findings were that although the address book had the names and phone

-19-

number of alleged organized crime figures, the address book
is insufficient evidence to create a rational basis for the
Parole Commission's decision to deny Gambino parole.

Petitioner argues that the same rule of law is applicable
in the instant case through the Due Process Clause of the Con-
stitution of the United States and its guarantees of equal pro-
tection of the law.

Finally, the Commission relied on Scott's testimony that
petitioner had participated with him and Wilder in the April,
1993 bank robbery.

Emphasis added, the credibility of Scott's testimony.  The
petitioner is well aware of the Court's limited scope of review
and the deference which it must afford to the fact-finder's
determination of credibility.  However, if there is no valid
basis for an adverse credibility determination, and if the result-
ing determination, is no more than speculative belief, the latter
cannot stand.  Gambino v. Morris, Civil Action no. 95-4559,
at 21 criminal no. 84-98 (April - 2000).

In the instant case there is no evidence that the petitioner
or Wilder participated in the April, 1993 bank robbery.  The
Parole Commission relied solely on the testimony of Scott.
Scott's testimony was not creditable enough for the FBI to arrest
the petitioner or Wilder, not creditable enough to file a crimi-

-20-

nal complaint, jury indictment in this case.  Scott's testimony forms no rational basis for a conclusion that the petitioner committed a crime of bank robbery.  The Parole Commission acted arbitrarily and capriciously.

### CONCLUSION

For the reasons stated above, the petitioner prays this Petition for Writ of Habeas Corpus is granted.

_Keith Crosby_
Keith Crosby
#29802-066
petitioner pro se

-21-

## CERTIFICATE OF SERVICE

The undersigned hereby declares that a true copy of the fore-going "Memorandum In Support of Petitioner for Writ of Habeas Corpus" was served on the respondents by mailing same via first class mail, to:

JANET RENO
ATTORNEY GENERAL OF THE UNITED STATES
UNITED STATES DEPARTMENT OF JUSTICE
16TH STREET & CONSTITUTION AVE., N.W.
WASHINGTON, D.C. 20530

on this 20TH day of NOVEMBER 20000.

/s/ Keith Crosby #29802-066
KEITH CROSBY
Petitioner pro se