Law Clerk's Copy

MCC:MEH:all/2001V00528

**FILED**
**HARRISBURG**

JUL 1 6 2001

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

KEITH CROSBY,
          Petitioner    :   Civil No. 1:CV-00-2211

          v.           :   (Judge Kane)

MICHAEL ZENK,
          Respondent    :

## EXHIBITS IN SUPPORT OF RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS

MARTIN C. CARLSON
United States Attorney

MATTHEW E. HAGGERTY
Assistant U.S. Attorney
ANITA L. LIGHTNER
Paralegal Specialist
228 Walnut Street, 2nd Floor
P.O. Box 11754
Harrisburg, PA  17108-1754
717/221-4482

Date:  July 16, 2001

## INDEX

Certification of Records

Sentence Monitoring Computation Data ..................... Exh. 1

Certificate of Parole .................................. Exh. 2

Warrant Application .................................... Exh. 3

Report of Walter Dent, Senior U.S. Probation Officer,
District of Maryland, dated August 10, 1993, with
attachments ........................................... Exh. 4

Revocation Summary, dated December 1, 1993 .............. Exh. 5

Notice of Action dated December 16, 1993 ................ Exh. 6

Notice of Action on Appeal dated July 27, 1994 .......... Exh. 7

Notice of Action dated January 18, 1996 ................. Exh. 8

Notice of Action on Appeal dated November 1, 1996 ....... Exh. 9

Notice of Action dated December 22, 1997 ................ Exh. 10

Memorandum from Michael A. Stover, General Counsel,
dated February 17, 1998 ............................... Exh. 11

Affidavit of Rodney Scott dated May 12, 1997 ........... Exh. 12

SIH/Review Hearing Summary dated 12/6/99 ............... Exh. 13

Notice of Action dated December 19, 1999 ............... Exh. 14

Civil Docket No. 97-CV-1112, United States District
Court for the Middle District of Pennsylvania .......... Exh. 15

<u>CERTIFICATE</u>

I, SHARON GERVASONI, Attorney in the Office of General Counsel, United States Parole Commission, 5550 Friendship Boulevard, Chevy Chase, Maryland, 20815, certify that the attached documents are true copies of documents contained in the parole file of **Keith Tyrone Crosby**, Register Number **29802-066,** reviewed by me on the date stated below.

IN WITNESS WHEREOF, I have signed this 9th day of July, 2001, and have affixed the seal of the United States Parole Commission.

Sharon Gervasoni
Attorney
U.S. Parole Commission



# Exhibit 1

```
  PARB1   540*23  *          SENTENCE MONITORING          *     05-07-19
  PAGE 001          *          COMPUTATION DATA             *     16:13:53
                                 AS OF 05-07-1992
```

REGNO..: 29802-066 NAME: CROSBY, KEITH TYRONE


```
FBI NO...........: 2989M8              DATE OF BIRTH: 05-16-1957
ARS1.............: PET/A-DES
UNIT.............: UNIT 3              QUARTERS....: CAR HALL
THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  06-02-1992 VIA PRESUM PAR
```

---------------------CURRENT JUDGMENT/WARRANT NO: 010 --------------------

```
COURT OF JURISDICTION...........: MARYLAND
DOCKET NUMBER...................: JH-85-609
JUDGE...........................: HOWARD
DATE SENTENCED/PROBATION IMPOSED: 05-14-1986
DATE WARRANT ISSUED.............: N/A
DATE WARRANT EXECUTED...........: N/A
DATE COMMITTED..................: 06-02-1986
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:
```

| | FELONY ASSESS | MISDMNR ASSESS | FINES | COSTS |
|---|---|---|---|---|
| NON-COMMITTED.: | $50.00 | $0.00 | $0.00 | $0.00 |

RESTITUTION...: PROPERTY: NO   SERVICES: NO        AMOUNT: $3,966.45

-------------------------CURRENT OBLIGATION NO: 010 --------------------

```
OFFENSE CODE....:  130
OFF/CHG: 18 USC 924(C)-USE OF FIREARM DURING A CRIME OF VIOLENCE - CT 4
         18 USC 2-AIDING AND ABETTING.

 SENTENCE PROCEDURE.............: 924(C) FIREARMS - NO PAROLE
 SENTENCE IMPOSED/TIME TO SERVE.:    5 YEARS
 DATE OF OFFENSE.:..............: N/A

 REMARKS.......: COURT ORDER DATED 8-8-86 AMENDED ORIGINAL J&C DATED 5-14-8
                 WITH CASE NUMBER JH-85-0608 TO READ JH-85-0609.
```

```
  PARB1  540*23  *         SENTENCE MONITORING        *      05-07-199
PAGE 002            *      COMPUTATION DATA           *      16:13:53
                          AS OF 05-07-1992
```

REGNO..: 29802-066 NAME: CROSBY, KEITH TYRONE


-----------------------CURRENT OBLIGATION NO: 020 -----------------------
OFFENSE CODE....: 554
OFF/CHG: 18:2113(A)(F)&2-BANK ROBB; A&A-CT1; 18:2113(B)(F)&2-BANK LARC;
         A&A-CT2; 18:2113(D)(F)&2-ASSLT W/WEAPON DURING RANK ROBB; A&A.

 SENTENCE PROCEDURE............: 4205(B)(2) IMMEDIATE PE
 SENTENCE IMPOSED/TIME TO SERVE.:    20 YEARS
 RELATIONSHIP OF THIS OBLIGATION
   TO OTHERS FOR THE OFFENDER....: CS
 DATE OF OFFENSE................: N/A

 REMARKS.......: COUNT 1 - 20 YEARS;  COUNT 2 - 10 YEARS;  COUNT 3 - 20 YEAR
               COUNTS 1, 2 & 3 TO RUN CC WITH EACH OTHER AND CS TO 5 YEARS
               COUNT 4 IN OBLIGATION 010, TOTALING A SENTENCE OF 25 YEARS.

----------------------CURRENT JUDGMENT/WARRANT NO: 020 ----------------------

COURT OF JURISDICTION..........: MARYLAND
DOCKET NUMBER..................: JH-85-0608
JUDGE..........................: HOWARD
DATE SENTENCED/PROBATION IMPOSED: 08-12-1986
DATE WARRANT ISSUED............: N/A
DATE WARRANT EXECUTED..........: N/A
DATE COMMITTED.................: 08-12-1986
HOW COMMITTED..................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED..............: NO
SPECIAL PAROLE TERM............:

```
                 FELONY ASSESS   MISDMNR ASSESS    FINES          COSTS
NON-COMMITTED.:  $50.00          $0.00             $0.00          $0.00

RESTITUTION...:  PROPERTY:  NO   SERVICES:  NO         AMOUNT:  $0.00
```

G0002        MORE PAGES TO FOLLOW . . .

```
   PARB1   540*23  *              SENTENCE MONITORING              *      05-07-19
PAGE 003            *              COMPUTATION DATA                 *      16:13:53
                                  AS OF 05-07-1992
```

REGNO..: 29802-066 NAME: CROSBY, KEITH TYRONE


-----------------------CURRENT OBLIGATION NO: 010 --------------------
OFFENSE CODE....:   551
OFF/CHG: BANK ROBBERY; AND AIDING AND ABETTING T 18:2113(A)(F)(2)

 SENTENCE PROCEDURE.............:: 4205(B)(2) IMMEDIATE PE
 SENTENCE IMPOSED/TIME TO SERVE.:   20 YEARS
 RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: CONCURRENT.

-----------------------CURRENT COMPUTATION NO: 010 --------------------

COMPUTATION 010 WAS LAST UPDATED ON 03-09-1992 AT PET AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010, 010 020, 020 010

DATE COMPUTATION BEGAN..........: 05-14-1986
TOTAL TERM IN EFFECT............:   25 YEARS
TOTAL TERM IN EFFECT CONVERTED..:   25 YEARS
AGGREGATED SENTENCE PROCEDURE...: AGGREGATE GROUP 40

JAIL CREDIT....................:    FROM DATE      THRU DATE
                                   12-03-1985     05-13-1986

TOTAL JAIL CREDIT TIME..........: 162
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 10
TOTAL SGT POSSIBLE..............: 3000
PAROLE ELIGIBILITY..............: 03-31-1989
STATUTORY RELEASE DATE..........: 09-15-2002
TWO THIRDS DATE.................: 07-30-2002
180 DAY DATE....................: 06-05-2010
EXPIRATION FULL TERM DATE.......: 12-02-2010


G0002       MORE PAGES TO FOLLOW . . .

```
 '  PARB1   540*23 *            SENTENCE MONITORING           *    05-07-199
PAGE 004 OF 004 *             COMPUTATION DATA               *    16:13:53
                              AS OF 05-07-1992
```

REGNO..: 29802-066 NAME: CROSBY, KEITH TYRONE


```
PRESUMPTIVE PAROLE DATE.........: 06-02-1992
NEXT PAROLE HEARING DATE........: 09-00-1991
TYPE OF HEARING.................: PAROLE PRE-RELEASE REC REV

PROJECTED SATISFACTION DATE.....: 06-02-1992
PROJECTED SATISFACTION METHOD...: PRESUM PAR
REMARKS.......: UPDATED COMPUTATION ON 2-9-91 WITH CORRECT PAROLE AND 2/3
               ELIGIBILITY DATES. 2/3 DATE OF 20YR TERM FIGURED FROM 3-31-8
               (MR DATE OF NON-PAROLABLE TERM).
```

S0055        NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE

# Exhibit 2

# U.S. Department of Justice
# United States Parole Commission

### Chevy Chase, Maryland 20815



U.S. PAROLE COMMISSION

DECLASSIFIED
MAY 27 1993
EASTERN REGIONAL OFFICE

## Certificate of Parole

Know all Men by these Presents:

It having been made to appear to the United States Parole Commission that

CROSBY, KEITH , Register No. 29802-066 , a prisoner in the
FCI PETERSBURG is eligible to be PAROLED, and in that said prisoner substantially observed the rules of the institution, and in the opinion of the Commission said prisoner's release would not depreciate the seriousness of this offense or promote disrespect for the law, and would not jeopardize the public welfare, it is ORDERED by the said United States Parole Commission that said prisoner be PAROLED on

FEBRUARY 2 , 19 93 ; and that said prisoner is to remain within the

limits of MARYLAND until DECEMBER 2 XIX 2010 ;

Given under the hands and the seal of the United States Parole Commission this 1st day

of FEBRUARY , nineteen hundred and 93

UNITED STATES PAROLE COMMISSION.

By *Lauren Price*

LAUREN PRICE, SOCIAL SCIENCE TECH.

Initial Risk Category SFS 6

Advisor _____

Probation Officer CUSPO, DAVID JOHNSON, DISTRICT OF MARYLAND

I have read, or had read to me, the conditions of release printed on the reverse of this certificate and received a ___ the law requires the Parole Commission to revoke my parole if I am found by the Commission to have possessed any illegal controlled substance. I also understand that special conditions may be added or modifications of any condition may be made by the Parole Commission upon notice required by law.

CROSBY, Keith *Keith Crosby*                      29802-066
_(Name)_                                        _(Register Number)_

WITNESSED _____

S. U.S. Probation Officer        5-21-93
_(Title)_                              _(Date)_

## UNITED STATES PAROLE COMMISSION

The above-named person was released on the 2nd , day of February , 19 ___

with a total of 6512 days remaining to be served.

BY: JACQUELINE PORTER, ISM

FOR: CAROLYN V. RICKARDS, WARDEN
_(Chief Executive Officer)_

PAROLE FORM H-8
JAN 90

2. COMMISSION COPY

 

# CONDITIONS OF RELEASE

1. You shall go directly to the district shown on this CERTIFICATE OF RELEASE (unless released to the custody of other authorities). Within three days after your arrival, you shall report to your parole advisor if you have one, and the United States Probation Officer whose name appears on this Certificate. If in any emergency you are unable to get in touch with your parole advisor, or your probation officer or the United States Probation Office, you shall communicate with the United States Parole Commission, Department of Justice, Chevy Chase, Maryland 20815.

2. If you are released to the custody of other authorites, and after your release from physical custody of such authorities, you are unable to report to the United States Probation Officer to whom you are assigned within three days, you shall report instead to the nearest United States Probation Officer.

3. You shall not leave the limits fixed by this CERTIFICATE OF RELEASE without written permission from your probation officer.

4. You shall notify your probation officer within 2 days of any change in your place of residence.

5. You shall make a complete and truthful written report (on a form provided for that purpose) to your probation officer between the first and third day of each month, and on the final day of parole. You shall also report to your probation officer at other times as your probation officer directs, providing complete and truthful information.

6. You shall not violate any law. Nor shall you associate with persons engaged in criminal activity. You shall get in touch within 2 days with your probation officer or the United States Probation Office if you are arrested or questioned by a law-enforcement officer.

7. You shall not enter into any agreement to act as an "informer" or special agent for any law-enforcement agency.

8. You shall work regularly unless excused by your probation officer, and support your legal dependents, if any, to the best of your ability. You shall report within 2 days to your probation officer any changes in employment.

9. You shall not drink alcoholic beverages to excess. You shall not purchase, possess, use or administer marijuana or narcotic or other habit-forming or dangerous drugs, unless prescribed or advised by a physician. You shall not frequent places where such drugs are illegally sold, dispensed, used or given away.

10. You shall not associate with persons who have a criminal record unless you have permission of your probation officer.

11. You shall not possess a firearm or other dangerous weapons.

12. You shall permit confiscation by your probation officer of any materials which your probation officer believes may constitute contraband in your possession and which your probation officer observes in plain view in your residence, place of business or occupation, vehicle(s) or on your person.

13. You shall make a diligent effort to satisfy any fine, restitution order, court costs or assessment, and/or court ordered child support or alimony payment that has been, or may be, imposed, and shall provide such financial information as may be requested, by your Probation Officer, relevant to the payment of the obligation. If unable to pay the obligation in one sum, will cooperate with your Probation Officer in establishing an installment payment schedule.

14. You shall submit to a drug test whenever ordered by your probation officer.

SPECIAL CONDITIONS: (Applicable only if indicated)

(✓) You shall participate as instructed by your probation officer in a program approved by the Parole Commission for treatment of narcotic addiction or drug dependency, which may include testing and examination to determine if you have reverted to the use of drugs.

( ) You shall participate in a community based program for the treatment of alcoholism as directed by your probation officer.

( ) You shall participate in an in-patient or an out-patient mental health program as directed by your probation officer.

( ) You shall reside in and participate in a program of the Community Corrections Center as instructed until discharge by the Center Director, but no later than 120 days from admission.

(✓) Other:

**You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment.**

This CERTIFICATE will become effective on the day of release shown on the reverse side. If the releasee fails to comply with any of the conditions listed above, the releasee may be summoned to a hearing or retaken on a warrant issued by a Commissioner of the U.S. Parole Commission and reimprisoned pending a hearing to determine if the release should be revoked.

Information concerning a releasee under the supervision of the U.S. Parole Commission may be disclosed to a person or persons who may be exposed to harm through contact with that particular releasee if such disclosure is deemed to be reasonably necessary to give notice that such danger exists. Information concerning releasees may be released to a law enforcement agency as required for the protection of the public or the enforcement of the conditions of the release.

# Exhibit 3

U.S. DEPARTMENT OF JUSTICE       **WARRANT APPLICATION** 
UNITED STATES PAROLE COMMISSION

| | | |
|---|---|---|
| ISSUING REGION   Eastern Region | | Date   8-24-93 |
| Case Of   Crosby, Keith | | Reg. No.   29802-066 |
| Race   Black | Birth Date   5-16-57 | FBI No.   2988M8 |
| Sentence Began 5-14-86; 8-12-86 | District From   MD | |
| Original Offense   Use of Firearm During a Crime of Violence; Aiding and Abetting | | |
| Sentence Length/Type   25 years (aggregate) | | Released   2-2-93 |
| District To   MD | Transferred To | M.R.   Parole   XX |
| Violation Date   4-93 | Termination Date   12-2-2010 | |

You shall, unless you have been convicted of a new offense, be given a preliminary interview by an official designated by a Regional Commissioner to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing.

At your preliminary interview and any subsequent revocation hearing you may present documentary evidence and voluntary witnesses on your behalf, and, if you deny the charge(s) against you, you may request the presence of those who have given information upon which the charges are based. Such witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or other representative of your choice, or, if you are unable to pay for counsel, an attorney will be provided by the U.S. District Court if you fill out and promptly return a Form CJA-22 to a U.S. Probation Officer.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole or mandatory release, in which case the Commission will also decide when to consider you for further release.

If you have been convicted of a new offense (committed while on parole) which is punishable by a term of imprisonment, you will not receive sentence credit for the time you spent on parole. Exception: for cases heard in the 9th Circuit beginning on October 22, 1990, the Commission will exercise discretion, in accordance with 28 C.F.R. 2.52 (Appendix), prior to ordering the forfeiture of sentence credit for the time spent on parole. If the Commission finds that you absconded or otherwise refused to submit to parole supervision, the Commission may order that you not receive credit toward service of your sentence for that amount of time. (If your original sentence was imposed for violation of the District of Columbia Criminal Code, you will not receive credit for time spent on parole regardless of whether or not you have been convicted of a crime.)

A special parole term violator whose parole is revoked shall receive no credit for time spent on parole.

CHARGES:

**Charge No. 1a – Armed Bank Robberies**
**1b – Failure to Notify USPO of criminal involvement**

During th period of April through July 1993, subject participated in armed bank robberies in the Baltimore, MD Metropolitan area. Subject was committing the robberies with individuals who were previously incarcerated. Information contained in letter dated 8-10-93 by USPO Dent and FBI Affidavit.

I ADMIT [   ] or DENY [ X ] the above charge(s).

**Charge No. 2 – Association with person Having a Criminal Record/Engaged in Criminal Activity**

During the period of April 1993 through July 1993, subject associated with Tony Wilder and Rodney Scott, persons that both are federal parolees. Information contained in letter dated 8-10-93 by USPO Dent.

I ADMIT [   ] or DENY [ X ] the above charge(s).

**Charge No. 3 – Use of Dangerous and Habit Forming Drugs**

On or about the following dates 6-14-93 and 6-30-93, subject submitted urine specimens which tested positive for the drug specified: Cocaine. Information contained in letter dated 8-10-93 by USPO Dent and Pharmchem lab reports.

I ADMIT [ X ] or DENY [   ] the above charge(s).

**Charge No. 4 – Violation of Special Condition (DAPS)**

On or about the following dates, subject failed to keep regularly scheduled appointments with Universal Counseling for submission of urine specimens/counseling: 4-2-93, 4-7-93, 7-13-93, 7-15-93, 7-21-93, 7-31-93. On 7-31-93, an individual presented himself to the program claiming to be Mr. Crosby. Information contained in letter dated 8-10-93 by USPO Dent.

I ADMIT [ X ] or DENY [   ] the above charge(s).

| | |
|---|---|
| Date Warrant Request Received    8-10-93 | **Warrant Recommended By:** |
| Date Warrant Issued    8-24-93 | Patricia Vinzee Case Analyst |
| District To Which Sent    MD | |
| Preliminary Interview Required:  YES [ X ]  NO [   ] #1 | U.S. Parole Commission |

( ) Commission      ( ) Inmate      ( ) Institution      ( ) USPO      ( ) Interviewing Officer      ( ) Chron

**U.S. DEPARTMENT OF JUSTICE**
UNITED STATES PAROLE COMMISSION



**SUPPLEMENT**



| | | | |
|---|---|---|---|
| ISSUING REGION | Eastern | | Date | October 5, 1993 |
| Case Of | Crosby, Keith | | Reg. No. | 29802-066 |
| Race | Black | Birth Date 5/16/57 | FBI No. | 2988M8 |

CHARGES:

Charge No. 5 - Unauthorized Possession of Firearm (or Other Dangerous Weapon)

On or about 9/1/93, subject was found in possession of a handgun according to USPO Dent letter dated 10/1/93.

I ADMIT [    ] or DENY [    ] the above charge(s).


I ADMIT [    ] or DENY [    ] the above charge(s).
Date Warrant Issued     8/24/93
District To Which Sent   MD

Warrant Recommended By:

Patricia D. Vines, Analyst
U.S. Parole Commission

PDV/sds

(  ) Commission   (  ) Inmate   (  ) Institution   (  ) Supervising USPO   (  ) U.S. Probation Officer   (  ) Chron

PAROLE FORM H-
Rev. 6/

Exhibit 4

SENT BY:U.S. PROBATION OFFICE ; 8-18-93 ; 2:27PM ;                3019621778→           83014925525:# 2

## UNITED STATES DISTRICT COURT

### DISTRICT OF MARYLAND
### PROBATION OFFICE

DAVID E. JOHNSON
CHIEF U.S. PROBATION OFFICER
SUITE 400
250 W. PRATT STREET
BALTIMORE 21201

August 10, 1993

PRESIDENTIAL BUILDING
SUITE 500
6525 BELCREST ROAD
HYATTSVILLE 20782

PLEASE REPLY TO:
BALTIMORE OFFICE
410 962-4865

U.S. Parole Commission
Eastern Regional Office
5550 Friendship Boulevard, Suite 420
Chevy Chase, Maryland 20815

RE:  CROSBY, Keith
     Expir. Date:  12/02/2010
     Reg. No.: 29802-066
     VIOLATION REPORT
     **WARRANT REQUESTED**

Attention: Patricia Vines
           Post Release Analyst

Dear Ms. Vines:

The above named was released on parole on  February 2, 1993.
He was serving a 25 year sentence for Bank Robbery, Assault with a
Weapon, Use if a Firearm During a Crime of Violence, Assault with
a Weapon and Bank Larceny.

Mr. Crosby has a drug aftercare condition and was referred to
Universal Counseling Services.  He appeared to be doing well the
first few months of his supervision in terms of reporting to the
program regularly and regularly submitting urine specimens which
tested negative.  He has recently submitted urines which have
tested positive and he has several stalls.

Our much greater concern is that the FBI has information
indicating that Mr. Crosby acted with others in the commission of
bank robberies.  Two other parolees were arrested by the FBI as
they were attempting to make their getaway from a bank robbery.
These two parolees are Rodney Scott (aka Yaqub Shaka - Reg. No.
36781-118) and Tony Wilder (Reg. No. 23392-037).  Wilder and Crosby
served time together at FCI- Petersburg.  The FBI has information
from two informants that Mr. Crosby participated in the commission
of bank robberies with Scott and Wilder.  FBI Agent Glenn Graves
has submitted an affidavit outlining the evidence against Mr.
Crosby.  With the preponderance of evidence standard used in parole
revocation hearings, we believe that there is sufficient evidence
to make a finding that Mr. Crosby committed bank robberies during
the period of April through July 1993.  Agent Graves has indicated
that he would be willing to identify at least one of his informants
at a revocation hearing and one or both informants may be able to
testify at a revocation hearing.

Page two - Violation Report
Keith Crosby - Reg. No. 29802-066

We would also like to note that on July 31, 1993, someone other than Mr. Crosby presented himself to Universal Counseling claiming to be Keith Crosby for the purpose of submitting a urine specimen. This person left after he was challenged. Mr. Crosby acknowledged to us that he failed to submit a urine specimen at the program on this date.

We are alleging that the parolee has violated the following conditions of his supervision:

Condition No. Six: "You shall not violate any law. Nor shall you associate with persons engaged in criminal activity. You shall get in touch within 2 days with your probation officer or the United States Probation Office if you are arrested or questioned by any law enforcement agency."

During the period of April 1993 through July 1993, the parolee participated in armed bank robberies in the Baltimore metropolitan area.

Condition No. Ten: "You shall not associate with persons who have a criminal record unless you have permission of your probation officer."

The parolee is a known associate of Tony Wilder and Rodney Scott, both of whom are federal parolees and are suspects in the commission of bank robberies during the period of April 1993 through July 1993. Mr. Wilder had Mr. Crosby's home phone number, indicating that they were associates.

Condition No. Nine: "You shall not drink alcoholic beverages to excess. You shall not purchase, possess, use or administer marijuana or narcotic or other habit-forming or dangerous drugs, unless prescribed or advised by a physician. You shall not frequent places where such drugs are illegally sold, dispensed, used or given away."

On the following dates the parolee submitted urine specimens which tested positive for illicit substances: 6/30/93 (cocaine) and 6/14/93 (cocaine)

Special condition: " You shall participate as instructed by your probation officer in a program approved by the Parole Commission for treatment of narcotic addiction or drug dependency, which may include testing and examination to determine if you have reverted to the use of drugs."

On the following dates the parolee failed to report to Universal Counseling: 4/2/93 (group counseling); 4/7/93 (group counseling); 7/13/93 (missed urine collection); 7/15/93 (missed urine collection); 7/21/93 (missed urine collection); and 7/31/93 (missed urine collection). On 7/31/93, an individual closely resembling Mr. Crosby presented himself to the program claiming to be Mr. Crosby.

Page two - Violation Report
Keith Crosby - Reg. No. 29802-066

We recommend that the U.S. Parole Commission issue a violator warrant for Mr. Crosby's arrest. Due to the nature of the alleged violation, we recommend that there be a combined preliminary interview and local revocation hearing so that the FBI's evidence can be fully presented and Mr. Crosby, hopefully with the assistance of counsel, can challenge the FBI's evidence. Given the information presented to us, we believe that Mr. Crosby presents a threat to the community and prompt action should be taken.

Very truly yours,

Walter Dent
Sr. U.S. Probation Officer

Enclosures:    Lab reports
               Report from L. McCall of Universal Counseling Services
               Report from FBI Agent Graves

cc: FCI Petersburg

WD

## A F F I D A V I T

       I am employed as a Special Agent (SA) of the Federal Bureau of Investigation (FBI) and have been so employed for over ten years.  In that capacity, I am responsible for investigating violent crimes, specifically, the robberies of federally insured financial institutions.

       In May, 1993, a confidential informant of the Federal Bureau of Investigation provided information indicating that Keith Tyrone Crosby, aka "Sleepy", was involved in several bank robberies in the Baltimore Metropolitan area.  The confidential informant could not provide specific locations regarding the robberies, however, it was reported that Crosby was committing the robberies with persons he had known through incarceration.

       On July 16, 1993, Yaqub Shaka and Tony Wilder were arrested subsequent to the same day robbery of the Harbor Federal Savings and Loan Association, 3200 Eastern Avenue, Baltimore, Maryland.  The robbery of the Harbor Federal Savings and Loan Association was carried out by three black males.  After the three individuals entered the bank lobby, two individuals vaulted the teller counter while the third, brandishing a hand gun, controlled the bank lobby.  One of the individuals was able to elude capture.

       A review of FBI records indicates that Keith Tyrone Crosby was a confederate of Yaqub Shaka when involved in bank robberies in the middle 1980's.  Additionally, FBI records indicate that Crosby and Shaka were incarcerated, at overlapping times, in FCI, Lewisburg.

       During July, 1993, an individual cooperating with the United States Government provided direct information indicating that Keith Tyrone Crosby was involved with Yaqub Shaka and Tony Wilder during the April 26, 1993 robbery of the Maryland Permanent Bank and Trust Company, 6515 Reisterstown Road, Baltimore, Maryland.  This cooperator would be available for testimony at a future date.

Glenn E. Graves
Special Agent of the FBI

SENT BY:U.S. PROBATION OFFICE ; 8-10-93 ;12:15PM ;    3019621778→    83014925525;# 7

# PHARMCHEM
## LABORATORIES, INC.
1505-A O'Brien Drive, Menlo Park, CA 94025

## CHAIN OF CUSTODY FOR DRUG ANALYSIS

# FED PROBATION

Specimen No.    **007709640**

Walter Dent
Federal Probation Office
U.S. Courthouse #8.100
101 W. Lombard Street
Baltimore, MD 21201

Federal Probation

Account No.   **100390101**

T HC

| Reason For Test (Check One) | | | | | |
|---|---|---|---|---|---|
| ☐ 01 Preemploymeny | ☐ 02 Random | ☐ Post 03 Accident | ☐ 04 Periodic Medical | ☐ 05 Reasonable Cause | ☐ 08 Other Specify: ___ |

| Specimen Type | | | Split Sample (Collect only if required by Client) | |
|---|---|---|---|---|
| ☐ Urine | ☐ Blood | ☐ Urine and Blood | ☐ Yes | ☐ No |

(This information will appear only on files 1,3.)

Date Collected
6-30-93

(This information will appear on all copies.)
Keith Curley

Social Security #

Remarks Concerning Collection

Temperature

**COLLECTOR CERTIFICATION:** I certify that the specimen identified on this form is the specimen presented to me by the donor providing the certific below, that it bears the same identification number as set forth above and that it has been collected, labeled and sealed in accordance with the instructi provided.

Collector's Signature

DONOR CERTIFICATION AND CONSENT: I certify that the specimen accompanying this form is my own and that it was provided only for the consent
certify that the specimen container was sealed with a tamperproof seal in my presence and that the information provided on this form and on the lab
consent also, I consent to the analysis of the specimen accompanying this form by the laboratory and to its release by the laboratory of the result
analysis as well as the information recorded on the form to the organization and/or individual listed on this form.

Donor's Signature (Optional)

Apply ▶
Barcode
vertically
on bottle

█ TOP
007709640 S ▏BOTTOM

┌ PLACE ┐
│ OVER CAP │
│ OF │
└ SPECIMEN ┘
SPECIMEN NO.  007709640  S

COLLECTOR'S SIGNATURE

DONOR'S SIGNATURE OR INITIALS

USE SECOND SEAL AND
BARCODE FOR BLOOD
OR SPLIT SAMPLE.

| Person Shipping | Airbill # | Date Shipped | Ship Specimen To ▶ | PharmChem Laboratories, Inc. 1505-A O'Brien Drive Menlo Park, CA 94025-1435 |
|---|---|---|---|---|

## INSTRUCTIONS TO COLLECTOR
- Complete all <u>unshaded</u> areas of form.
- Affix tamperproof seal and barcode as illustrated.
- Ask donor to sign Donor Certification and Consent and initial/sign tamperproof seal.
- Place specimen and laboratory copy of Chain of Custody form in shipping container.

SENT BY:U. S. PROBATION OFFICE ; 8-10-93 ;12:16PM ;                 3019621778→              83014925525;# 8

samples in this tra..ission.

PHARMCHEM LABORATORIES, INC.                                                LABORATORY
1585-A O'Brien Drive, Menlo Park, CA,  94025                                  REPORT

=====================================================================================
ACCOUNT NUMBER:            100390101  BARCODE NUMBER:                       0007709640

RESULTS TO:                           SPECIMEN ID:
 ATT: Mr. Walter Dent                 SPECIMEN ID:
 US Probation Office                  SPECIMEN DATE:                          06/30/93
 250 W Pratt St Ste 400               TEST TYPE:
 Baltimore, MD    21201               LOCATION CODE:

                                      ACCESSION NUMBER:                     930545676
                                      DATE RECEIVED:                        07/06/93
 Old Acct. No:  FP 39A                DATE REPORTED:                        07/09/93
=====================================================================================
                          TEST METHODS AND DETECTION LEVELS
             Drug or              Initial Test            Confirmation Test
           Drug Class        Method      Cutoff        Method       Cutoff
=====================================================================================
     Amphetamines           EMIT      1000 ng/ml       GC/MS      250 ng/ml
     Barbiturates           EMIT       200 ng/ml       GC         200 ng/ml
     Benzodiazepines        EMIT       200 ng/ml       GC         200 ng/ml
     Cocaine Metabolite     EMIT       300 ng/ml       GC         300 ng/ml
     Methadone              EMIT       300 ng/ml       GC         300 ng/ml
     Opiates                EMIT       300 ng/ml       GC/MS      150 ng/ml
     Phencyclidine          EMIT        25 ng/ml       GC/MS       25 ng/ml
     Cannabinoid 100        EMIT       100 ng/ml       HPTLC       50 ng/ml
=====================================================================================
                                 TEST RESULTS
Drug or Drug Class/             Test      Drug or Drug Class/              Test
        Analyte               Result             Analyte                Result
=====================================================================================
 Amphetamines                             Cocaine Metabolite
   Amphetamine               negative       Benzoylecgonins            POSITIVE
   Methamphetamine           negative     Methadone
 Barbiturates                               Methadone                  negative
   Amobarbital               negative     Opiates
   Butabarbital              negative       Codeine                    negative
   Butalbital                negative       Hydromorphone              negative
   Pentobarbital             negative       Morphine                   negative
   Phenobarbital             negative     Phencyclidine
   Secobarbital              negative       Phencyclidine              negative
 Benzodiazepines                          Cannabinoid 100
   ACB                       negative       THC Metabolite             negative
   MACB                      negative

 SPECIMEN SEAL INTACT.                                     ****************
                                                          *  TEST RESULT  *
 COMMENTS:                                                *   POSITIVE    *
                                                          ****************

      I certify that the  specimen identified by this accession  number is the same
 specimen that bears the specimen  identification barcode number set forth above,
 that  the  specimen has been  examined  upon receipt,  handled and analyzed in
 accordance  with  applicable  requirements,  and that these results are for that
 specimen.

 Results Certified by: CHRISTIN CONNOLLY                      Date: 07/09/93
=====================================================================================

SENT BY:U.S. PROBATION OFFICE ; 8-10-93 ;12:17PM ;          3019621778→          83014925525;# 9

1 samples in this transmission. *Keith Crowley - Dent*

PHARMCHEM LABORATORIES, INC.                                        LABORATORY
1505-A O'Brien Drive, Menlo Park, CA, 94025                          REPORT

```
============================================================================
ACCOUNT NUMBER:          100391616   BARCODE NUMBER:               0007590595

RESULTS TO:                          SPECIMEN ID:
 ATT: Walter Dent                    SPECIMEN ID:
 U.S. Probation Office               SPECIMEN DATE:                  06/14/93
 101 W. Lombard Street               TEST TYPE:
 Baltimore, MD    21201              LOCATION CODE:

                                     ACCESSION NUMBER:              930440576
                                     DATE RECEIVED:                  06/16/93
                                     DATE REPORTED:                  06/22/93
============================================================================
```

### TEST METHODS AND DETECTION LEVELS

| Drug or Drug Class | Initial Test Method | CutOff | Confirmation Test Method | CutOff |
|---|---|---|---|---|
| Amphetamines | EMIT | 1000 ng/ml | GC/MS | 250 ng/ml |
| Barbiturates | EMIT | 200 ng/ml | GC | 200 ng/ml |
| Benzodiazepines | EMIT | 200 ng/ml | GC | 200 ng/ml |
| Cocaine Metabolite | EMIT | 300 ng/ml | GC | 300 ng/ml |
| Methadone | EMIT | 300 ng/ml | GC | 300 ng/ml |
| Opiates | EMIT | 300 ng/ml | GC/MS | 150 ng/ml |
| Phencyclidine | EMIT | 25 ng/ml | GC/MS | 25 ng/ml |

### TEST RESULTS

| Drug or Drug Class/ Analyte | Test Result | Drug or Drug Class/ Analyte | Test Result |
|---|---|---|---|
| Amphetamines | | Cocaine Metabolite | |
| Amphetamine | negative | Benzoylecgonine | POSITIVE |
| Methamphetamine | negative | Methadone | |
| Barbiturates | | Methadone | negative |
| Amobarbital | negative | Opiates | |
| Butabarbital | negative | Codeine | negative |
| Butalbital | negative | Hydromorphone | negative |
| Pentobarbital | negative | Morphine | negative |
| Phenobarbital | negative | Phencyclidine | |
| Secobarbital | negative | Phencyclidine | negative |
| Benzodiazepines | | | |
| ACB | negative | | |
| NACB | negative | | |

SPECIMEN SEAL INTACT.                                    ********************
                                                         * TEST RESULT *
COMMENTS:                                                *   POSITIVE   *
                                                         ********************
            THE DATE ON COC IS 06/24/93

    I certify that the  specimen identified by this accession  number is the same
specimen that bears the specimen  identification barcode number set forth above,
that  the  specimen  has  been  examined  upon receipt,  handled and analyzed in
accordance  with  applicable  requirements,  and that these results are for that
specimen.

Results Certified by: CHRISTIN CONNOLLY                    Date: 06/22/93
============================================================================

SENT BY:U. S. PROBATION OFFICE ; 8-10-93 ;12:15PM ;          3019621778→          83014925525;# 6

## CONTACT SHEET

CLIENT NAME: _Crosby . Keith_

DATE

| | |
|---|---|
| 7-31-93 | Urine Screen |

         - Today someone appeared at the window indicating they wanted to leave a urine specimen. This individual stated that his name was Keith Crosby. However, since I am Keith Crosby's counselor I knew that this was not him. The individual did favor Keith as I was under the impression that it was his brother. I requested that he show me some photo ID. The individual stated that he was going to get his ID and return. He never did.

                L. McCall, AC

# Exhibit 5

REVOCATION SUMMARY

NAME: CROSBY, Keith                     HEARING TYPE: Revocation
REGISTER NO. 29802-066                  PROJECTED MR DATE: 3/1/2005
INSTITUTION: Local-Talbott Det. Ctr.    (If an estimate is practical)
DATE: 12/1/93                           FULL TERM DATE: 12/2/2010
                                        PANEL: Walker

   I.   COUNSEL AND WITNESSES:

Subject was represented by retained Counsel Joan Myles, 6401 Golden
Triangle Drive, Suite 450 Greenbelt, Md 20070, (301)474-0261.  Adverse
witnesses:  FBI Agent, Glen Graves, Baltimore, Md.  Second Adverse witness
USPO Walter Dent, U.S. Probation Office 250 West Pratt Street, Suite 400
Baltimore, Md 21201, (410)962-4665.  Third adverse witness, Rodney Scott,
U.S. Marshals Cell Block, Baltimore, Md.

   II.   PREVIOUS COMMISSION ACTION:

Please refer to prereview dated 10/18/93, by Reviewer Chait.

   III.  REVIEW OF CHARGES:

Charge 1- (a) Armed Bank Robberies
         (b) Failure to Notify USPO of Criminal Involvement
During the period of April through July 1993, subject was involved in
several Armed Bank Robberies in the Baltimore, Md area.  Subject committed
these robberies with people who he was previously incarcerated with.
Information contained in letter dated 8/10/93 by USPO Dent and FBI
affidavit.

Subject denied charges 1 (a) and (b).  He commented that he did not commit
any robberies or other crimes therefore he does not feel that he violated
condition 1(b).

FBI Agent, Glen Graves, advised the panel that he began investigating a
series of bank robberies that occurred in April 1993 through July 1993.  He
indicated that these robberies were different in that there were always
three black males with ski masks.  One person would count the time out loud
to the other robbers in a military like procession.  He indicated that in
May 1993, an FBI informant indicated that Crosby had participated in these
robberies with persons that he had been incarcerated with.  Agent Graves
noted that after a July 16, 1993 robbery, two persons were apprehended by
the name of Rodney Scott (AKA Sharker) and Tony Wilder.  He indicated that
he was involved in three Bank Robberies in the Baltimore area and that on
4/26/93 during the robbery of the Maryland Permanent and Trust Company, the
subject Crosby participated in this robbery along with him and Wilder.
Agent Graves noted that during a consent search of Wilder's residence he
found some papers with the telephone number where Crosby was residing, at
his grandmother's residence, 2826 E. Chase Street, Baltimore, Md. Agent
Graves indicated that Scott admitted to three bank robberies and that
Crosby was only involved in one of them which occurred on 4/26/93. The
video from the Nations Bank, Baltimore County showed a person similar to
Crosby carrying a revolver.  Agent Graves indicated that it is possible for

Crosby, Keith


subject to have been involved in a third robbery that occurred early August 1993. An informant advised the FBI through conversation with people who are close to Crosby, that Crosby had admitted participated in a robbery prior to the arrest Scott and Wilder.

Charge 1 (b)- Subject denied this charge. Noting that he was not involved in any crimes.

USPO Dent advised that at no time did he report verbally or on written reports any new criminal involvement. Subject for the most part was unemployed. Subject had family in the community but the USPO was unaware of the support that was given if any.

Rodney Scott indicated that he has known the subject for over 12 years. He indicated that he was confined with subject and since he had been on parole he had contact with Crosby about two times a week. He indicated that subject was involved in a robbery with him on 4/26/93.

Charge 2- Association with person having a criminal record/Engaged in criminal activity.

From 4/93 through 7/93, the subject associated with Tony Wilder and Rodney Scott, persons that were on federal parole. Information contained in letter dated 8/10/93 by USPO Dent.

Subject denied this charge with explanation.

Charge 3- Use of dangerous and habit forming drugs.

Urine specimens submitted on 6/14/93 and 6/30/93 reflected the use of drugs (cocaine). The subject admitted this charge with explanation indicating that he was experiencing problems with his 8-year-old son's mother in that he could not see his son in order to begin establishing a relationship with him.

Charge 4- Violation of special condition.

On six occasions from 4/2/92 through 7/31/93, subject failed to report to the Universal Counseling for submission of urine specimen/Counseling.

Charge 5- Unauthorized possession of a firearm or other dangerous weapon.

On 9/1/93, subject was found in possession of a hand gun according to USPO Dent's letter dated 10/1/93.

Subject denied this charge. USPO Dent advised the panel that when the Marshals went in Detective George Cunningham (Sherriff's Department) went to execute the USPC warrant, subject was upstairs in bed with his wife. They observed a bag hanging from under the mattress at which time they recovered a 39 mm handgun and a 9mm magazine containing eight rounds. Subject admitted to charges 3 and 4.

Crosby, Keith

 IV.  EVIDENCE:

    V.  FINDINGS OF FACT: The panel finds as a fact that subject violated
parole as charged as indicated below:

Charge 1- (a) Armed Bank Robbery.
          (b) Failure to notify USPO of criminal involvement.

Basis:  Testimony of FBI Agent Graves, adverse witness Rodney Scott, USPO
Dent and documentation by U.S. Probation office.

Charge 2- Association with person having a criminal record/Engaged in
criminal activity.

Basis:  Testimony of FBI Agent Graves, Rodney Scott and documentation
submitted by the U.S. Probation Office dated 8/10/93.

Charge 3- Use of dangerous and habit forming drugs.

Basis:  Your admission to the examiner panel and documentation submitted by
the US Probation office on 8/10/93.

Charge 4- Violation of special condition (DAPS).

Basis:  Your admission to the examiner panel and documentation submitted by
the US Probation office on 8/10/93.

Charge 5- Unauthorized possession of firearm (or other dangerous weapon).

Basis:  Testimony of Agent Graves and documentation submitted by the US
Probation office dated 10/1/93.

   VI.  COMMUNITY RESOURCES AND PAROLE RISK: Upon subject's return to the
community he would like to relocate to Richmond, Va where his wife resides.
If unable to live there he will return to Baltimore and reside with his
grandmother.  In reference to employment, subject indicated that he did
maintain part-time as a Landscaper.  However, he will attempt to obtain
employment as a counselor for handicap children.

  VII.  FINES/RESTITUTION/COURT ASSESSMENT: N/A.

 VIII.  EVALUATION: Subject was on parole supervision for about 2 months
before incurring new criminal behavior.  As reflected the subject has a
history of committing Armed Robberies.  He has two prior juvenile
adjudications which were not countable one which involved an assault in
which he shot a person.  The subject has three countable convictions of the
violent behavior dated back to age 16 they all included the use of a gun.
The main issue in this case is since there has been no new indictment on
his behavior is the credibility of the witnesses involved.  Specifically, a
long time friend of the subject's Rodney Scott who at today's hearing
testified that subject was involved in one bank robbery with him and that
he heard the subject discussing a previous bank robbery that subject was

Crosby, Keith

involved in. The prereviewer indicated that subject had a SFS of 5 and
further review reflects that subject should have a SFS of 4.   Subject was
only cited with two convictions but there is a third conviction in which he
was charge with Assault with intent to rob and received 10 years.   The
change would be in section (B) in which he was given one point having two
prior commitments but should read three.   Giving subject a total SFS of 4
with a offense severity of a 5 and SFS 4 this placed subject's guideline
range at 48-60 months.   It was recommended 10 months above the top of the
guidelines because subject is considered a more serious risk than indicated
by his SFS because he has a history of Armed Robbery dating back to 1973
and while on parole for Armed Bank Robbery, he became involved in similar
behavior.

   IX.   **RECOMMENDATION:** (1) Revoke parole.   Time spent on parole from 2/3/93
through 8/31/93, shall be credited.   Continue to a presumptive parole
after service of 70 months (7/1/99) with the special drug aftercare
condition.

KW/dma
12/14/93

Exhibit 6

partment of Justice                    ● Notice of Action
States Parole Commission
Friendship Boulevard
vy Chase, Maryland  20815

---

**Name:** Crosby, Keith T.

**Register Number:** 29802-066                    **Institution:** US Marshals, MD

---

In the case of the above-named parole action was ordered:

Revoke Parole.  Time spent from date of release until August 31, 1993 shall be credited.  Continue to a Presumptive Parole after the service of 120 months (September 1, 2003) with the special drug aftercare condition.

## FINDINGS OF FACT:

The Commission finds as a fact that you violated conditions of release as charged as indicated below:

**CHARGE NO. 1(a):  Armed Bank Robbery.**
                              **1(b):   Failure to Notify USPO of Criminal Involvement.**
        Basis: Testimony of FBI Agent Graves, adverse witness Rodney Scott, USPO Dent and Documentation by U.S. Probation Office.

**CHARGE NO. 2:   Association with Person having a Criminal Record/Engaged in Criminal Activity.**
        **Basis:**  Testimony of FBI Agent Graves, Rodney Scott and documentation submitted by the U.S. Probation Office dated 8/10/93.

**CHARGE NO. 3:   Use of Dangerous and Habit Forming Drugs.**
        **Basis:**  Your admission to the examiner panel and documentation submitted by the U.S. Probation office on 8/10/93.

**CHARGE NO. 4:   Violation of Special Condition (DAPS).**
        **Basis:**  Your admission to the examiner panel and documentation submitted by the U.S. Probation office on 8/10/93.

**CHARGE NO. 5:   Unauthorized Possession of Firearm (or other Dangerous Weapon).**
        **Basis:** Testimony of Agent Graves and documentation submitted by the U.S. Probation office dated 10/1/93.

CC:   Joan Myles
        6401 Golden Triangle Drive, Suite 450
        Greenbelt, MD  20070

---

**Appeals Procedure:**
The above decision is appealable to the National Appeals Board under 28 C.F.R. 2.26:

December 16, 1993  Eastern Region       Commissioner: John R. Simpson       Docket Clerk: tpt

* * **Commission Copy** * *

Page 1 of 2

U.S Department of Justice
United States Parole Commission
550 Friendship Boulevard
Chevy Chase, Maryland 20815

 **Notice of Action**

**Name:** Crosby, Keith T.

**Register Number:** 29802-066                    **Institution:** US Marshals, MD

In the case of the above-named parole action was ordered:

**REASONS:**

Your parole violation behavior has been rated as new criminal conduct of
Category Five severity because it involved bank robbery.  Your new salient
factor score is 3.  You have been in federal confinement as a result of your
violation behavior for a total of 3 months.    Guidelines established by the
Commission indicate a customary range of 60-72 months to be served before
release.    After review of all relevant factors and information presented, a
decision above the guidelines appears warranted because you are a more serious
risk than indicated by your salient factor score in that you have a history of
assaultive behavior as evidenced by convictions for assault with intent to rob
(1973); Bank Robbery (1978); and Bank Robbery (1986).  You were on parole for
approximately two months when you became involved in a new robbery offense.
When apprehended by the U.S. Marshals you were found to be in possession of a
handgun.

As required by law, you have also been scheduled for a statutory interim hearing
during December, 1995.

**SALIENT FACTOR SCORE (SFS-81):**  Your salient factor score items have been
computed as shown below.  For an explanation of the salient factor score items,
see the reverse side of this form.

ITEM A[ 0 ];  B[ 0 ];  C[ 2 ] (   );  D[ 0 ];  E[ 0 ];  F[ 1 ];  Total[ 3 ]

*If five or more prior commitments, place an 'x' in the parenthesis in Item C.

**Appeals Procedure:**
The above decision is appealable to the National Appeals Board under 28 C.F.R. 2.26:

December 16, 1993  Eastern Region          Commissioner: John R. Simpson          Docket Clerk: tpt

* * **Commission Copy** * *

# Exhibit 7

U.S. Department of Justice
United States Parole Commission
Chevy Chase, MD 20815

# NOTICE OF ACTION ON APPEAL

| NAME | Crosby, Keith | | |
|---|---|---|---|
| REGISTER NUMBER | 29802-066 | INSTITUTION | Lewisburg |

NATIONAL APPEALS BOARD/FULL COMMISSION: *The appeal by the above-named has been carefully examined by the National Appeals Board/Full Commission and the following has been ordered:*

Affirmation of the previous decision.

RESPONSE:

The Board has considered your claim that there was insufficient evidence to support the findings that you robbed a bank on April 26, 1993, associated with a person who has a criminal record, and possessed a firearm without proper authorization. However, the record reveals considerable support for the Regional Commissioner's findings.

With regard to the first two findings, Rodney Scott testified at the hearing that you joined him in committing the bank robbery and that he had been in contact with you several times a week while on parole. FBI Agent Graves testified that an informant had told him in May, 1993 that you had participated in several bank robberies with persons you had been incarcerated with. According to the probation officer's August 10, 1993 violation report (including the affidavit of Agent Graves), you have been incarcerated with Mr. Scott and Tony Wilder, the third suspect in the April 26, 1993 robbery. According to Agent Graves's affidavit, FBI records showed that you and Mr. Scott committed bank robberies together in the 1980's. Agent Graves also testified that a search of Wilder's residence revealed a paper containing your nickname and the telephone number of your grandmother's residence, the place where you were staying.

With regard to the third finding, Probation Officer Dent testified that he was informed that at the time of your arrest, a handgun and ammunition were found in a bag hanging under a mattress on which you and your wife were reclining. Agent Graves also testified about this charge at the hearing, but only stated what a law enforcement officer told him about the seizure of the weapon. Although the officer who discovered the handgun and ammunition (Officer Cummingham) was not present to testify at the hearing , you made no request for the attendance of this witness, or any other adverse witness, for your revocation hearing, as evidenced by the Parole Form F-2 that you completed after your preliminary interview. According to the tape of the hearing, Officer Cunningham could not attend the revocation hearing because he had to testify in court on another case.

*All decisions by the National Appeals Board/Full Commission on appeal are final.*

| July 27, 1994 | X | | |
|---|---|---|---|
| *(Date of Notice)* | *(National Appeals Board)* | *(Full Commission)* | *(Docket Clerk)* |

( ) Inmate          ( ) Institution          ( ) U.S. Probation Officer          ( ) Commission          ( ) FOIA



U.S. Department of Justice

United States Parole Commission
Chevy Chase, MD 20815

# NOTICE OF ACTION ON APPEAL

| | |
|---|---|
| NAME | Crosby, Keith |
| REGISTER NUMBER | 29802-066 |

INSTITUTION    Lewisburg

NATIONAL APPEALS BOARD/FULL COMMISSION: *The appeal by the above-named has been carefully examined by the National Appeals Board/Full Commission and the following has been ordered:*

The Board has considered your claim that much of the information supporting the above findings is hearsay. But hearsay reports may be considered by the Commission in making revocation decisions. Also, Mr. Scott's testimony is not subject to exclusion on the asserted ground that he was not authorized by the Commission to act as an informant for the FBI. Scott was not acting in an undercover capacity when he told the FBI of your participation in the bank robbery. He provided the information in debriefings after his own arrest for bank robbery in July, 1993. Even if Scott had been an active undercover informant while on parole without authorization from the Commission, any information he provided law enforcement authorities could properly be used by the Commission in its proceedings and would not be subject to exclusion.

*All decisions by the National Appeals Board/Full Commission on appeal are final.*

| July 27, 1994 | X | | |
|---|---|---|---|
| *(Date of Notice)* | *(National Appeals Board)* | *(Full Commission)* | lcg  *(Docket Clerk)* |

( ) Inmate         ( ) Institution         ( ) U.S. Probation Officer         ( ) Commission         ( ) FOIA

Exhibit 8

**U.S Department of Justice**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

 **Notice of Action** 

**Name**: CROSBY, Keith Tyrone

**Register Number**: 29802-066                **Institution**: Lewisburg USP

In the case of the above-named parole action was ordered:

No Change in Continue to a Presumptive Parole date (September 1, 2003) with the Special Drug Aftercare Condition.  You shall participate as instructed by your U.S. Probation Officer in a program approved by the Parole Commission for the treatment of narcotic addiction or drug dependency, which may include testing and examination to determine if you have reverted to the use of drugs.  You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment.

**REASONS**:

Retroactivity does not apply.  Neither your recalculated severity rating (old Category Five; new Category Five) nor your recalculated salient factor risk category (old Category Poor, old score 3; new Category Poor, new score 3) is more favorable.  This statement means that a finding has been made by the Parole Commission at your hearing that no regulatory or procedural changes have been made by the Parole Commission since your last hearing which would positively affect your case in terms of Offense Severity or Salient Factor Scoring.

**Appeals Procedure:**
The above decision is appealable to the National Appeals Board under 28 C.F.R. 2.26:

January 18, 1996    Eastern Region        Commissioner: John R. Simpson        Docket Clerk: dlw

Page 1 of 1

# Exhibit 9

**U.S. Department of Justice**      NOTICE OF ACTION ON APPEAL
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

---

NAME: Crosby, Keith          REG. NO. 29802-066          INST: Lewisburg USP

---

The National Appeals Board examined the appeal of the above named and ordered the following:


Affirmation of the previous decision.

**RESPONSE:**

The purpose of an interim hearing is only to determine whether there is any new information since the last hearing that warrants a change in the Commission's previous decisions.  You have not provided any new substantial information about the circumstances of your parole revocation that indicates that the decision was in error or that unfair procedures were used in the decision-making process. The revocation decision and the procedures leading up to the revocation order were thoroughly reviewed by the Board in July, 1994 and no prejudicial error was found.  You failed to request the attendance of adverse witnesses for your revocation hearing and there was good cause for the absence of Officer Cunningham since he was testifying in another case at the time of your hearing.

The same information was not counted twice in determining your salient factor score and in exceeding your guidelines.  It was the nature of your criminal record that led to the decision above the guidelines, rather than the mere number of your prior convictions.  The salient factor score does not take into account the nature of an offender's prior convictions.


All decisions by the National Appeals Board on appeal are final.

---

November 1, 1996                National Appeals Board                Docket Clerk: DMJ


Page 1 of 1

# Exhibit 10

J.S. Department of Justice           **Notice of Action** ●

Jnited States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

---

Name: CROSBY, Keith Tyrone

Register Number: 29802-066                    Institution: Lewisburg USP

In the case of the above-named, the following parole action was ordered:

Rescind Presumptive Parole date of 9/01/2003.  Continue to a Presumptive Parole (8/31/2004) with the Special Drug Aftercare Condition.  You shall participate as instructed by your U.S. Probation Officer in a program (inpatient or outpatient) approved by the U.S. Parole Commission for the treatment of narcotic addiction or drug dependency, which may include testing and examination to determine if you have reverted to the use of drugs.  You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment.

The above decision requires the additional service of 12 months.

The above decision is appealable to the National Appeals Board under 28 C.F.R. 2.26.

### REASONS:

Retroactivity does not apply.  Neither your recalculated severity rating (old Category Five; new Category Five) nor your recalculated salient factor risk category (old Category Poor, old score 3; new Category Poor, new score 3) is more favorable.  This statement means that a finding has been made by the Parole Commission at your hearing that no regulatory or procedural changes have been made by the Parole Commission since your last hearing which would positively affect your case in terms of Offense Severity or Salient Factor Scoring.

### FINDINGS OF FACT:

The Commission finds that you have committed the following violations:

Charge No. 1 - You used morphine on 6-13-1996.

Basis:  Incident Report dated 7-15-1996, Summary Report of DHO dated 7-29-1996 and your admission to examiner.

Charge No. 2 - You used morphine on 6-26-1996.

Basis:  Incident Report dated 7-24-1996, Summary Report of DHO dated 7-29-1996 and your admission to examiner.

Charge No. 3 - You used morphine on 7-31-1996.

---

**Date: December 22, 1997**                              **Clerk: dlw**

Basis:   Incident Report dated 9-04-1996, Summary Report of DHO dated 9-09-1996 and your admission to examiner.

**REASONS**:

You have committed rescission behavior classified as administrative.  Guidelines established by the Commission indicate a range of 0-8 months per drug-related infraction.  You have committed 3 drug-related infractions.   Your aggregate guideline range is 0-24 months to be added to your original presumptive parole date (9/01/2003).  After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted.

As required by law, you have also been scheduled for a statutory interim hearing during December 1999.

cc:      U.S. Probation Officer
         District of Maryland
         250 West Pratt Street
         Suite 400
         Baltimore, MD  21201

---

Date: December 22, 1997                                Clerk: dlw

Page 2 of 2                                             CROSBY 008

# Exhibit 11



# Memorandum

# EXPEDITE

| Subject | Date |
|---|---|
| REQUEST FOR REOPENING TO CONSIDER 2.28(a) LETTER | February 17, 1998 |

**CROSBY, Keith   #29802-066**

| To | From |
|---|---|
| John R. Simpson Commissioner | Michael A. Stover General Counsel |
| | *STG* By:  Sharon Gervasoni Attorney |

This is a case in which a key revocation witness later recanted his testimony at the revocation hearing.   Crosby requested reopening under 2.28(a), and his letter was apparently filed without review. He subsequently received a statutory interim hearing, but the record is not clear whether the 2.28(a) request was reviewed in review of the file after that hearing.

### Background

Crosby was paroled from a 25 year sentence for bank robbery on February 2, 1993. On parole, he was implicated in new robberies between April and July, 1993, and the Commission issued a warrant charging, <u>inter alia</u>, bank robbery.

At a local revocation hearing, the Commission heard testimony from the three witnesses regarding Crosby's alleged participation in bank robberies.  The FBI agent testified that he had been investigating a series of bank robberies in the Baltimore area between April and July 1993, which were distinctive in that they were committed by three black males in ski masks, one of whom would count out time aloud to the other robbers. He testified that in May, 1993 an FBI informant stated that Crosby had participated in these robberies with persons with whom he had been incarcerated.  He testified that after a July 16, 1993 robbery, two persons were apprehended (Rodney Scott and Tony Wilder). He stated that Scott admitted to committing three robberies, and stated that Crosby had participated in a robbery on April 26, 1993.  He noted that during a consent search of Wilder's home, he found papers with the telephone number of Crosby's grandmother's residence, where Crosby was residing.  Rodney Scott then testified that he had known Crosby for 12 years, had been incarcerated with him, and that Crosby had participated in the April 26, 1993 robbery with Scott.

The Commission found Crosby to have violated parole by committing bank robbery (and other violations), and ordered that he serve 120 months, a date above his guideline

range of 60-72 months, finding that he posed a more serious risk because of his history of assaultive behavior, the fact that he became involved in a new robbery after only two months on parole, and the fact that he was in possession of a handgun when apprehended by U.S. Marshals on the Commission's warrant.

On May 27, 1997, Crosby sent to the Commission a letter requesting reopening of his case, based on new favorable information. The new information was an affidavit from Rodney Scott stating that Scott had made false statements to the Commission concerning Crosby, to wit: that Scott committed a bank robbery on April 26, 1993 at Maryland Permanent Bank and Trust Co.; and that Scott was personally aware of Crosby being involved in bank robberies. It appears that this letter was not reviewed for potential reopening.

Recommendation

I recommend that you review the letter and affidavit of Scott, and make a determination whether you find the affidavit or Scott's earlier testimony (and admission to the FBI that he committed the April 26, 1993 robbery he disavows in the affidavit) to be more credible.

My view is that the affidavit lacks credibility, because Scott claims he was only saying what he thought the examiner wanted to hear, but he had also admitted to the FBI his participation in the April 26 robbery, and had told the FBI that Crosby had participated in that robbery. In addition, other evidence links Crosby to Scott and Wilder (the third robber), specifically a piece of paper found during a search of Wilder's home with Crosby's phone number on it, and the information provided by an FBI informant (testified to by the FBI agent) that Crosby had participated in the robberies with persons he had been incarcerated with. (Crosby had been incarcerated with Scott.) I therefore recommend against reopening.

✓
_____
Agree - no reopening

_____
Signature

_____
Disagree - reopen under §2.28(a)

_____
Signature   *Jan R. Simpson*

_____
Date   2/17/98

_____
Signature

_____
Date

2

Exhibit 12

## AFFIDAVIT

1. I am Rodney Scott A/K/A Yaku Shakka.

2. I made the following untrue or false statements to the Federal United States Parole Commissioner concerning Keith T. Crosby, registration number 29802-066:

(A) That I participated in a bank robbery on April 26, 1993, at the Maryland Permanent Bank & Trust Company at 6515 Reistertown Road, Baltimore, Maryland.

(B) That I was personally aware of Keith T. Crosby being involved in bank robberies.

3. I made the above untrue statements based upon what I thought the examiner wanted to hear.

I am signing this statement voluntarily. I have not been paid, promised any favors or forced to recant or change my statements from made during the parole examination.

I understand that the above admissions my subject me to perjury charges and imprisonment.

_Rodney Scott_
RODNEY SCOTT

Subscribed, sworn and ackownledged before me this ⟨2⟩ day of ⟨May⟩ ,1997, by Rodney Scott.

_____
NOTARY PUBLIC

My commission expires:_____

5-12-97

_M Lewin_, Case Manager
Authorized by the Act of July 7,
1955, as amended to administer
oaths (18 USC 4004).

# EXHIBIT - 13

## SIH/REVIEW HEARING SUMMARY

**Offense of Conviction - Armed Bank Robbery; Possession of a Firearm During a Crime of Violence; Assault During a Crime of Violence; PV.**

| | |
|---|---|
| **Name** . . . . . . . . :CROSBY, Keith | **2/3 or MR Date** . . . . . . :3/2/2005 |
| **Reg No** . . . . . . . :29802-066 | **Projected MR Date** . . . :3/3/2004 |
| **Hearing Date** . . . :12/6/99 | **Full Term Date** . . . . . . :12/2/2010 |
| **Institution** . . . . . . :Allenwood FCI | **Months in Custody** . . . :75 |
| **Examiner** . . . . . . :Patricia L. Denton | **As Of** . . . :12/6/99 |

**Recommended Release**

I.      **Previous Commission Action:**

See the Pre-Hearing Assessment dated 11/24/99.

II.     **Codefendants:**

None

III.    **Institutional Adjustment And Release Plans:**

The subject had been at Lewisburg and had been involved in the Twelve Step Drug Program there.  He stated that he has been at Allenwood for approximately 1 year.  He was in the 2 month Mentoree Program and then took the 90 day Mentor Program.  He was in the Softball League, took Transcending Addiction and completed that course, completed Aids Awareness, Cage Your Rage and is the Suicide Watch Team.  He stated that he has been on the Suicide Watch Team since 1987.  He has been assigned to UNICOR at Allenwood in Wood Working as Grade 2.  He stated that all together he has been in UNICOR since 1997.

The subject has no misconduct reports.

He plans to reside with his grandmother who is in good health in Baltimore.  He would either like to work with juveniles or use his license as a barber.

IV.     **Fines, Restitution, Court Assessment:**

None

V.      **Representative:**

CROSBY.298                                                              Page 1 of 3

Initially, the subject did not request a representative. He did indicate that he wanted his Unit Manager, however, his unit manager could not stay and provided a statement prior to the hearing. The subject did agree that the Unit Manager could talk to the examiner prior to the hearing and expressed his comments off the record. The subject also agreed to this during the hearing.

Carl Stevens, Unit 4 Manager. He stated that he had known the subject since 1979. He stated that he has been involved in programming and has been responsible and used his time constructively. He feels that the subject will do okay in the community. His institutional adjustment is good, he has been in the Mentor Program and has become a mentor to his peers.

## VI.    Risk:

The subject is a more serious risk. He was initially sentenced for 4 bank robberies with firearms. While he was on a previous period of parole supervision, he had additional bank robberies and possession of a firearm.

## VII.  Evaluation:

The subject was initially serving a 25 year term for Armed Bank Robbery and Possession of a Firearm during a crime of violence and Assault With a Weapon During a Bank Robbery. The subject and the codefendants would enter the bank and the subject brandish a firearm during each robbery. In the first robbery, he held a customer inside the bank when she attempted to leave and during the second robbery, he cocked his gun and pointed it directly at an employee and ordered the employee to stand up after the employee had fallen to the floor. He was released to parole supervision in 1993. Within 6 months a warrant was issued for new law violation, bank robberies and possession of a firearm. He was originally given a presumptive parole date after 120 months on 9/1/2003.

At his last SIH, he had 3 drug related misconducts. The Commission reopened and retarded the presumptive parole date by an additional 12 months which resulted in a presumptive parole date of 8/31/2004.

In addition, the subject did request that his case be reopened for new information in 1998 and the Commission declined. Apparently, one of the witnesses that testified at the hearing may have provided false information either at the hearing or later. Testimony from this witness had been taken at the hearing and after a review of the record it was determined that reopening the case was not warranted.

The subject requested consideration for Superior Program Achievement (SPA) at this hearing. Although the subject has completed several programs since his last hearing, it is this examiner's opinion that it does not rise to the level of SPA. In addition, at his last hearing, he was sanctioned for 3 drug related misconducts. Although he has participated in some programs, to advance the presumptive parole date at this juncture would depreciate the seriousness of the misconducts he was sanctioned for at the last hearing. Based on these two issues, the examiner is recommending that SPA not be granted in this case in that it is not warranted. Retroactivity does not apply.

CROSBY.298

In addition, the subject is receiving extra good time. A review of the sentence computation revealed that his mandatory release date is now 3/3/2004. This would release him prior to the presumptive parole date. It is recommended that the subject be continued to the presumptive parole on 8/31/2004 or CTE whichever comes first with the special drug aftercare condition.

## VIII. Recommendation:

(1)    No change in continue to presumptive parole 8/31/2004 or CTE whichever comes first with the special drug aftercare condition.


**GTT**
December 14, 199

# EXHIBIT - 14

.S. Department of Justice                    Notice of Action
ited States Parole Commission
50 Friendship Boulevard
evy Chase, Maryland  20815-7201

ame: CROSBY, Keith Tyrone

egister Number: 29802-066              Institution: Allenwood FCI

the case of the above-named, the following parole action was ordered:

o change in presumptive parole date (August 31, 2004) or continue to expiration, whichever comes
rst, with the Special Drug Aftercare Condition which requires that you participate as instructed
y your U.S. Probation Officer in a program (inpatient or outpatient) approved by the U.S. Parole
ommission for the treatment of narcotic addiction or drug dependency, which may include testing
nd examination to determine if you have reverted to the use of drugs.  You shall also abstain from
ie use of alcohol and/or all other intoxicants during and after the course of treatment.


**REASONS**:

Retroactivity does not apply.  Neither your recalculated severity rating (old Category Five; new
Category Five) nor your recalculated salient factor risk category (old Category Poor, old score 3; new
Category Poor, new score 2) is more favorable.  This statement means that a finding has been made
by the Parole Commission at your hearing that no regulatory or procedural changes have been made
by the Parole Commission since your last hearing which would positively affect your case in terms
of Offense Severity or Salient Factor Scoring.

The above decision is appealable to the National Appeals Board under 28 C.F.R. 2.26.  You may
obtain appeal forms from your caseworker or U.S. Probation Officer and they must be filed with the
Commission within thirty days of the date of this Notice.

As required by law, you have also been scheduled for a statutory interim hearing during December,
2001.

Copies of this Notice are sent to your institution and to your U.S. Probation Officer.  In certain cases,
copies may also be sent to the sentencing court.  You are responsible for advising any others you wish
to notify.

cc:      U.S. Probation Office
         District of Maryland
         250 West Pratt Street
         Suite 400
         Baltimore, MD  21201-2423


**Date: December 29, 1999**                          **Clerk: tct** TCT

# EXHIBIT - 15

# U.S. District Court

# Middle District of Pennsylvania (Harrisburg)

# CIVIL DOCKET FOR CASE #: 97-CV-1112

## Crosby v. True

Filed: 07/22/97
Assigned to: Judge Yvette Kane
Referred to: Pro Se Law Clerk Mary Schimelfenig
Demand: $0,000
Nature of Suit: 530
Lead Docket: None
Jurisdiction: US Defendant
Dkt# in other court: None
Cause: 28:2241 Petition for Writ of Habeas Corpus

KEITH CROSBY
   petitioner

                                               Keith Crosby
                                               29802-066
                                               [COR LD NTC] [PRO SE]
                                               FCI-ALLENWOOD
                                             P.O. Box 2000
                                           White Deer, PA 17887

       v.

PAGE TRUE
   respondent

Keith Crosby
29802-066
[COR LD NTC] [PRO SE]
FCI-ALLENWOOD
P.O. Box 2000
White Deer, PA 17887

Dulce Donovan
[COR LD NTC]
U. S. Attorney's Office
308 Federal Building
240 West Third Street, P.O. Box 548
Williamsport, PA 17703
717-326-1935
Dulce Donovan
[COR LD NTC]
U.S. Attorney's Office
228 Walnut Street
P.O. Box 11754
Harrisburg, PA 17108
(717) 221-4482

# DOCKET    PROCEEDINGS

EX.

| DATE | # | DOCKET ENTRY |
|------|---|--------------|
| 7/22/97 | 1 | PETITION FOR WRIT OF HABEAS CORPUS filed by Federal prisoner. (ao) [Entry date 07/22/97] |
| 7/22/97 | 1 | APPLICATION by petitioner Keith Crosby to proceed ifp. (ao) [Entry date 07/22/97] |
| 7/22/97 | -- | PRISONER LETTER issued as to petitioner Keith Crosby with Notice and Consent Form (ao) [Entry date 07/22/97] |
| 7/22/97 | -- | REMARK - Case file with docket sheet to PRSLC. Docket sheet to Judge Caldwell. (ao) [Entry date 07/22/97] |
| 9/4/97 | 2 | ORDER  by Judge William W. Caldwell IT IS HEREBY ORDERED THAT the petitioner is granted temp leave to proceed ifp, within 10 days shall return authorization form. see order for details. [1-1] (cc: Court, Warden, Petitioner)  all counsel) (ct) [Entry date 09/05/97] |
| 9/5/97 | -- | REMARK - document 2 to PRSLC. (ct) [Entry date 09/05/97] |
| 9/12/97 | 3 | APPLICATION by petitioner Keith Crosby to proceed IFP. (jh) [Entry date 09/15/97] |
| 9/12/97 | 4 | AUTHORIZATION allowing prison to submit copy of prisoner's trust fund account to the court, and approving entire filing fee to be deducted from prisoner inmate account. (jh) [Entry date 09/15/97] |
| 9/15/97 | 5 | ADMINISTRATIVE ORDER sent to Prison Superintendent/Warden as to petitioner Keith Crosby (cc: Superintendent/Warden, prisoner, Financial) (jh) [Entry date 09/15/97] |
| 9/15/97 | -- | REMARK - Documents 3, 4 & 5 sent to PRSLC. (jh) [Entry date 09/15/97] |
| 9/18/97 | 6 | ORDER  by Judge William W. Caldwell IT IS HEREBY ORDERED THAT the administrative order issued 9/15/97 is vacated and any sums deducted are refunded to the prisoner. The Clerk of Court is directed to serve a copy of this order on the warden at USP-Lewisburg. (cc:Court, Financial, Warden, and all counsel) (ct) [Entry date 09/24/97] |
| 9/24/97 | -- | REMARK - document 6 to PRSLC. (ct) [Entry date 09/24/97] |
| 11/7/97 | 7 | LETTER to court from petitioner dtd. 11/3/97, requesting an update on the status of the case. (tm) [Entry date 11/07/97] |
| 11/7/97 | -- | REMARK - doc. #7 to PSLC (tm) [Entry date 11/07/97] |
| 11/13/97 | 8 | AFFIDAVIT of Sherry Lester, Acct Tech at USP Lewisburg stating pltf Crosby has $1.62 in prison acct with acct listing attached. (ao) [Entry date 11/13/97] |
| 11/13/97 | -- | REMARK - Doc #8 to PRSLC. (ao) [Entry date 11/13/97] |
| 11/28/97 | 9 | LETTER to Clerk from petitioner Keith Crosby re: disposition of civil action and request for status report. (ct) [Entry date 12/01/97] |

12/1/97    --    REMARK -  document 9 to PRSLC (ct) [Entry date 12/01/97]

12/1/97    10    LETTER to court dtd 11/26/97 from Elaine Peebles, Accting
                 Technician at USP Lewisburg with acct statement attached of
                 pltf Crosby. (ao) [Entry date 12/01/97]

12/1/97    --    REMARK - Doc #10 to PRSLC. (ao) [Entry date 12/01/97]

12/16/97   11    ORDER - by Judge William W. Caldwell: AND NOW, this 16th
                 day of Dec., 1997, the Clerk of Crt. is directed to
                 transfer the w/in case to the Hon. A. Richard Caputo for
                 future proceedings. Sched. orders issued to dt. are not
                 affected by this order. Case reassigned to Judge A. R.
                 Caputo (cc: all counsel, PRSLC & Crt.) (am)
                 [Entry date 12/17/97]

12/17/97   --    REMARK - Doc. No. 11 sent to Schimelfenig. (am)
                 [Entry date 12/17/97]

1/7/98     12    ORDER by Judge A. R. Caputo - Petnr shall either: a. make
                 pymt of $5.00. b. request an extension of time in which to
                 make pymt. c. explain why he lacks sufficient funds to make
                 pymt. d. special circumstances he believes warrant excusing
                 him from paying the $5.00 fee. If petnr fails to respond
                 w/in 20 days, his motion to proceed ifp will be denied and
                 the action dismissed. (cc: petnr) (ao) [Entry date 01/07/98]

1/7/98     --    REMARK - Doc #12 to PRSLC> (ao) [Entry date 01/07/98]

1/21/98    13    LETTER from court to plaintiff w/ copy of docket sheet. (ps)
                 [Entry date 01/21/98]

1/27/98    14    RECEIPT  Receipt #: 333 70507  Amount: $5.00  From: Keith T
                 Crosby  Purpose: H/C Filing Fee (ta) [Entry date 01/27/98]

1/27/98    --    REMARK - Doc 14 to Prslc (ta) [Entry date 01/27/98]

1/28/98    15    ORDER TO SHOW CAUSE: by Judge A. R. Caputo - 1. The Clerk
                 of Ct is directed to serve a copy of the petition for writ
                 of habeas corpus on respdt and the US Atty.  2. W/in 20
                 days respdts shall respond to petition due 2/17/98 for Page
                 True. A determination whether petnr should be produced for
                 a hearing will be held in abeyence pending submission of a
                 response. Petnr shall, if desires, file a reply to the
                 response w/in 15 days of its filing. (cc: petnr, US Atty &
                 respdt) (ao) [Entry date 01/29/98]

2/17/98    16    MOTION by respondent Page True to extend time to file
                 response to Court's show cause Order 1/28/98; C/S; Propo.
                 (vg) [Entry date 02/18/98]

2/18/98    --    REMARK - Doc. #16 to PRSLC. (vg) [Entry date 02/18/98]

2/20/98    17    ORDER by Judge A. R. Caputo granting respdt's motion to
                 extend time to file response to Court's show cause Order
                 until 3/3/98 for Page True (cc: petnr & all counsel) (ao)
                 [Entry date 02/20/98]

2/20/98    --    REMARK - Doc #17 to PRSLC. (ao) [Entry date 02/20/98]

3/3/98     18    RESPONSE by respondent Page True to Show Cause Order;
                 exhibits; c/s (kf) [Entry date 03/03/98]

3/3/98     --    REMARK - Doc 18 to PRSLC Schimelfenig from Wmspt (kf)
                 [Entry date 03/03/98]

| | | |
|---|---|---|
| 3/12/98 | 19 | LETTER to court dtd 3/5/98 from petitioner Keith Crosby RE: Advise on time to respond to reply filed by respdt. (ao) [Entry date 03/12/98] |
| 3/12/98 | -- | REMARK - Doc #19 to PRSLC. (ao) [Entry date 03/12/98] |
| 3/13/98 | 20 | LETTER from Court dtd 3/13/98 RE: Responding to pltf's ltr to ct and proper procedure for filing motions. (ao) [Entry date 03/16/98] |
| 3/16/98 | -- | REMARK - Doc #20 to PRSLC. (ao) [Entry date 03/16/98] |
| 3/20/98 | 21 | RESPONSE by petitioner Keith Crosby to Opposition to Show Cause filed by deft with Cert of Service. (ao) [Entry date 03/23/98] |
| 3/23/98 | -- | REMARK - Doc #21 to PRSLC. (ao) [Entry date 03/23/98] |
| 10/26/98 | 22 | LETTER to court dtd 10/22/98 from petitioner RE: Status of case. (ao) [Entry date 10/26/98] |
| 10/26/98 | -- | REMARK - Doc #22 to PRSLC. (ao) [Entry date 10/26/98] |
| 11/20/98 | 23 | MEMORANDUM OF LAW by petitioner Keith Crosby in support of Writ of Habeas Corpus with Cert of Service. (ao) [Entry date 11/20/98] |
| 11/20/98 | 24 | REQUEST by petitioner Keith Crosby for Judicial Notice of "Parole Commission Phaseout Act" with Cert of Service. (ao) [Entry date 11/20/98] |
| 11/20/98 | -- | REMARK - Docs #23 & #24 to PRSLC. (ao) [Entry date 11/20/98] |
| 11/23/98 | 25 | ORDER by Judge A. R. Caputo Case reassigned to Judge Yvette Kane (cc: all counsel) (ps) [Entry date 11/23/98] |
| 12/30/98 | 26 | NOTICE by petitioner Keith Crosby OF CHANGE OF ADDRESS to FCI-Allenwood. (ao) [Entry date 12/30/98] |
| 12/30/98 | -- | REMARK - Doc #26 to PRSLC. (ao) [Entry date 12/30/98] |
| 2/10/99 | 27 | MEMORANDUM AND ORDER by Judge Yvette Kane IT IS ORDERED THAT: 1) The petition for writ of habeas corpus is denied. 2) All pending mtns in this case are denied as moot. 3) The Clerk of Court is directed to close this case. 4) Based on the Court's conclusion herein, there is no basis for the issuance of a certificate of appealability. Case terminated (cc: all counsel, Ct., PRSLC & Security) (jh) [Entry date 02/11/99] |
| 2/11/99 | -- | REMARK - Document 27 sent to Scranton. (jh) [Entry date 02/11/99] |
| 2/12/99 | -- | REMARK - File sent to CFR (Doc.11 missing from file). (fj) [Entry date 02/12/99] |
| 2/16/99 | -- | REMARK - Doc #27 received in Scr and placed w/file in CFR (jb) [Entry date 02/16/99] |

Case Flags:

TERMED
PROSE
PRSLC

## END OF DOCKET: 1:97cv1112

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/13/2001 17:08:38 | | |
| **PACER Login:** | us4890 | **Client Code:** | |
| **Description:** | docket report | **Search Criteria:** | 1:97cv01112 |
| **Billable Pages:** | 5 | **Cost:** | 0.35 |

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

KEITH CROSBY,                          :
              Petitioner              :      Civil No. 1:CV-00-2211
                                      :
              v.                      :      (Judge Kane)
                                      :
MICHAEL ZENK,                         :
              Respondent              :

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 16th day of July, 2001, she served a copy of the attached

### EXHIBITS IN SUPPORT OF RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

ADDRESSEE:

Keith Crosby
Reg. No. 29802-066
FCI Allenwood
P.O. Box 2000
White Deer, PA 17887

ANITA L. LIGHTNER
Paralegal Specialist