# ORIGINAL



## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| KEITH CROSBY,<br>Petitioner | )<br>)<br>)<br>) |
| v. | )<br>)    Civil No.: 1:CV-00-2211<br>)          (Judge Kane)<br>) |
| MICHAEL ZENK,<br>Respondent | )<br>)<br>) |

**PETITIONER'S REPLY TO THE RESPONDENT'S
RESPONSE TO PETITION FOR WRIT OF HABEAS
CORPUS**

This is a habeas action brought by KEITH CROSBY, an inmate confined at the Allenwood Federal Correctional Institution in White Deer, Pennsylvania (Allenwood Med.).  Crosby does not challenge the 1993 revocation of his parole as the respondent asserts; although Crosby's argument is virtually the same to claims raised in the § 2241 petition filed on July 22, 1997. However, a Court's role in reviewing decisions by the Parole

Commission on an application for a writ of habeas corpus is
limited.

The appropriate standard of review of the Commission's
findings of fact "Is not whether the Commission's decision is
supported by the preponderance of the evidence, or even by sub-
stantial evidence; the inquiry is only whether there is a rational
basis in the record for the Commission's conclusions embodied
in its statement of reasons." Zannino v. Arnold, 531 F.2d 687,
691 (3d Cir. 1976); see also 28 C.F.R. § 2.13.  Therefore, the
§ 2241 petition filed on July 22, 1997 challenging the 1993
revocation of Crosby's parole was properly before the Court.
The Court at that time did not have the jurisdiction to entertain
the issues raised in the instant § 2241 petition.

In the instant § 2241 petition, Crosby raised the actual
innocence claim and that a miscarriage of justice does exist.
see Memorandum p. 1.  Crosby stated this Court's jurisdiction
under 28 U.S.C. § 2241, stating that he is "in custody" in violation
of the constitution, laws or treaties of the United States.
28 U.S.C. § 2241. see Memorandum p. 2 (jurisdiction).  Crosby
is authorized to apply for relief by motion pursuant to this
section.  He may raise a substantive due process challenge to

2

his punishment on the ground that he is actually innocent.  Additionally, by the traditional understanding of habeas corpus a "Fundamental miscarriage of justice" occurs whenever a conviction or sentence is secured in violation of a federal constitutional right. <u>Smith v. Murray</u>, 477 U.S. 527, 534-544, 91 L.Ed.2d 434, 106 S.Ct. 2661 (Stevens, J., dissenting).

Section 2241 states that "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the District Court and any Circuit judge within the respective jurisdictions" to prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(1),(C)(3). In <u>Felker v. Turpin</u>, ___ U.S. ___, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996).

Crosby, asserts that if the Parole Commission's regulations permit him to be imprisoned for alleged conduct that is criminal for ten years without being charged by indictment, thus depriving Crosby of the constitutional right to "answer" only for those crimes presented to the grand jury, then the Parole Commission's regulations is unconstitutional as a violation of the due process clause of the Fifth Amendment or the suspension clause of Article I, Section 9 of the Constitution of the United States.  Certainly, sentencing a man for a crime for which he

3

has been neither charged nor convicted "seriously affects the
fairness, integrity, and public reputation of judicial proceedings."
United States v. Olano, 507 U.S. 725, 736.

   Crosby has always stated very clearly that he is innocent
of participating in bank robbery with Rodney Scott and Tony
Wilder or anyone else after his release on parole.  Respondent
seems to suggest that Crosby can be imprisoned for alleged criminal
activity for 10 years declaring his innocence and that Crosby's
due process rights are limited only to parole revocation hearing
procedures.  Crosby has researched authorities of law in the
prison library; he has found no authority under American Law
that authorize the imprisonment of an American citizen for 10
years without showing some evidence justifying the incarceration
or provide a legal remedy to redress their grievances.

   Crosby understands the preponderance of the evidence standard
which must be based on factual predicate.  Crosby's innocence
is supported by the preponderance of the evidence standard.
In the instant case the evidence was so insufficient that despite
Rodney Scott's admission of guilt, and his implication of Tony
Wilder and Crosby as participants, they were not arrested.
Either, F.B.I. agents found Rodney Scott's statement not creditable

4

or the evidence insufficient to bring the charge. This factor alone should require further inquiry into Crosby's innocence.

Agent Graves testified at the revocation hearing that during a search of Wilder's home, papers with the telephone number of Crosby's residence were found. The association by the preponderance of the evidence is that Wilder was a participant in the April 26, 1993, bank robbery and that he has ties with Crosby, because Wilder had Crosby's phone number. Wilder was never charged with the July 26, 1993 bank robbery. Crosby still cannot see the connection based on the preponderance of the evidence.

Agent Graves also testified that a confidential informant (CI) told him Crosby had admitted to the informant prior to the arrest of Scott and Wilder, that he had participated in a robbery. The CI did not testify at the revocation hearing and no transcript or certified statement was introduced in support of this at the hearing. Crosby's guilt is not supported or proved by the preponderance of the evidence. For the above reasons Crosby should be given an evidentiay hearing in the interest of justice so that he can prove his innocence.

Finally, respondent asserts the Commission's findings in Crosby's

5

case do not increase the penalty for his crime beyond the statutory maximum.  Crosby asserts that it does because at the time of his parole his full term expiration was November 2010.  After revoking Crosby's parole, his full term expiration date is February 2011.  Crosby's parole was revoked for alleged new criminal conduct that exceeds the statutory maximum date of November 2010.  Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000), is applicable to Crosby's situation.

Crosby asserts that his substantial rights were affected where the Parole Commission forfeited his street time thereby exceeding his full term expiration date (statutory maximum sentence) based on criminal activity for which he is not charged. Cf. Gover v. United States, 531 U.S. 198, 148 L.Ed.2d 604, 121 S.Ct. 696 (2001)("Authority does not suggest that a minimal amount of additional time in jail cannot constitute prejudice.  Quite to the contrary, our jurisdprudence suggests that any amount of actual jail time has Sixth Amendment significance.").

### CONCLUSION

For the foregoing reasons, the petitioner prays that the petition for habeas corpus be granted and that justice prevail

6

in this matter before this Court.

Respectfully submitted,

x-*Keith Crosby*

Keith Crosby #29802-066
F.C.I. Allenwood (MED)
P.O. Box 2000
White Deer, PA  17887-2000

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this 9th day of October, 2001, he served a copy of the attached

**PETITIONER'S REPLY TO THE RESPONDENT'S RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, and by depositing said envelope and contents in the United States Mail at the Federal Correctional Institution, Allenwood (Med), White Deer, Pennsylvania.

> Matthew E. Haggerty
> Assistant U.S. Attorney
> 228 Walnut Street, 2nd Floor
> P.O. Box 11754
> Harrisburg, PA  17108-1754

x- *Keith Crosby*

Keith Crosby #29802-066

Keith Crosby
FCI-ALLENWOOD
29802-066
P.O. Box 2000
White Deer, PA  17887

Re: 1:00-cv-02211

-------------------------------

-------------------------------

Please file all pleadings directly with the Clerk's Office in which
the assigned Judge is located.  Do not file any courtesy copies
with the Judge's Chambers.

JUDICIAL OFFICERS:                          CLERK'S OFFICE ADDRESS:

Judge Sylvia H. Rambo                       U.S. District Court
Judge Yvette Kane                             228 Walnut Street
Judge William W. Caldwell                   P.O. Box 983
Magistrate Judge J. Andrew Smyser           Harrisburg, PA  17108

---------------------------------------------------------------

Chief Judge Thomas I. Vanaskie              U.S. District Court
Judge A. Richard Caputo                     235 N. Washington Ave.
Judge James M. Munley                         P.O. Box 1148
Judge William J. Nealon                     Scranton, PA  18501
Judge Richard P. Conaboy
Judge Edwin M. Kosik
Magistrate Judge Malachy E. Mannion
Magistrate Judge Thomas M. Blewitt

---------------------------------------------------------------

Judge James F. McClure                      U.S. District Court
Judge Malcolm Muir                          240 West Third Street
                                            Suite 218
                                            Williamsport, PA  17701