APS-269                    **UNREPORTED - NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 03-1323
_____

KEITH CROSBY,

Appellant
v.

MICHAEL ZENK, Warden
F.C.I. Allenwood

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 00-cv-02211)
District Judge: Honorable Yvette Kane

_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
July 17, 2003

BEFORE:    SLOVITER, MCKEE AND SMITH, CIRCUIT JUDGES

(Filed: September 3, 2003)

_____

OPINION

_____

PER CURIAM

    Keith Crosby appeals the order of the District Court for the Middle District of

Pennsylvania in which it denied his 28 U.S.C. § 2241 habeas petition as meritless.  We

will affirm.

In 1986, Crosby was convicted of bank robbery and use of a firearm during a crime of violence and sentenced to twenty-five years imprisonment. In February, 1993, Crosby was released on parole. In September, 1993, Crosby was arrested pursuant to a parole-violator warrant and ultimately charged with the following parole violations: armed bank robberies; failure to notify his probation officer of his criminal involvement; association with persons having a criminal record and/or engaging in criminal activity; use of dangerous and habit-forming drugs; violation of a special condition of probation to keep scheduled appointments for drug aftercare treatment; and unauthorized possession of a firearm. Crosby subsequently admitted to drug and aftercare program violations, drug use, and possession of a firearm.

At his parole revocation hearing held on December 1, 1993, for which Crosby requested no witnesses, FBI Agent Graves testified to the results of his investigation of a series of bank robberies committed between April and July, 1993, including the following: (1) a statement made to Graves by Rodney Scott, an individual arrested with Tony Wilder for a bank robbery committed on July 16, 1993, in which Scott confessed his involvement in three Maryland bank robberies and implicated Crosby and Wilder in a bank robbery committed on April 26, 1993 at the Maryland Trust Company; (2) the results of a consent search of Wilder's home which contained papers with Crosby's current phone number; and (3) information conveyed in May, 1993, to Graves by an

informant that Crosby participated in multiple robberies with two other people who had

been incarcerated with him and that Crosby admitted his participation in a bank robbery

to the informant prior to the arrests of Scott and Wilder.  Rodney Scott testified that (1) he

had known Crosby for a long time; (2) he was in frequent contact with Crosby while

Crosby was on parole; and (3) he and Crosby were involved in the April 26, 1993 bank

robbery.

On December 16, 1993, the Commission found that Crosby had violated his

conditions of parole, as charged.  Crosby's parole was revoked and he was ordered to

continue to a presumptive parole after service of 120 months imprisonment.  The National

Appeals Board affirmed the Commission's decision.

On May 28, 1997, Crosby requested that his case be reopened pursuant to 28

C.F.R. § 2.28 based on newly discovered evidence, namely an affidavit by Rodney Scott

allegedly recanting his testimony regarding Crosby's involvement in the April 26, 1993

bank robbery and which allegedly confirmed the sworn statement of Tony Wilder who

stated that Crosby was not involved in any of the robberies that Scott had alleged.  The

Commission denied Crosby's request based on its determination that the Scott affidavit

lacked credibility and that other evidence linked Crosby to the crime, notably the papers

found in Wilder's home, and information given to the FBI by an informant.

In July, 1997, Crosby filed a first § 2241 habeas petition claiming that in light of

the Scott and Wilder affidavits, his parole was wrongly revoked in violation of his Fifth

Amendment rights, and that the Commission's decision to sentence him above the Parole

Guidelines amounted to double-counting.  The District Court denied the § 2241 petition

as meritless in February, 1999, finding in particular that the Commission's decision had a

rational basis in the record to support it.  Crosby did not appeal.

On December 20, 2000, Crosby filed a second § 2241 habeas petition, claiming

that under Apprendi v. New Jersey, 530 U.S. 466 (2000), revocation of his parole based

on an accusation of a bank robbery for which he was never indicted or tried before a jury

violated the Due Process Clause.  He also claimed that under Gambino v. Morris, 134

F.3d 156, 161 (3d Cir. 1998), no rational basis existed in the record to support the

Commission's decision regarding the bank robbery charge.  By order entered January 22,

2003, the District Court denied the petition, concluding that Apprendi did not apply

because Crosby's original sentence upon which the parole revocation was based did not

exceed the maximum authorized by the relevant statute, and because Crosby received all

the process that was due in the parole revocation proceeding under Morrisey v. Brewer,

408 U.S. 471 (1972).  Finally, the District Court reiterated its prior ruling that a rational

basis existed in the record supporting the Commission's decision.  Crosby timely

appealed.

Our review of the District Court's decision is de novo.  United States v. Cleary, 46

F.3d 307, 309-10 (3d Cir. 1995).  Because this appeal presents "no substantial question,"

3d Cir. LAR 27.4 and I.O.P. 10.6, we will summarily affirm the District Court's

4

judgment.[1]

We agree with the District Court that Crosby's <u>Apprendi</u> claim is meritless. After the District Court rendered its opinion in this case, we held that <u>Apprendi</u> does not apply retroactively to cases on collateral review. <u>See</u> <u>United States v. Swinton</u>, -- F.3d --, 2003 WL 21436809 (3d Cir. June 23, 2003); <u>United States v. Jenkins</u>, -- F.3d --, 2003 WL 21398812 (3d Cir. June 18, 2002). Thus, Crosby's <u>Apprendi</u> claim is not cognizable on collateral review and the District Court properly dismissed the claim. Crosby cannot establish an <u>Apprendi</u> error, in any event. As the District Court correctly held, neither Crosby's original sentence nor the term of imprisonment imposed upon revocation of his parole exceeded the statutory maximum, and thus <u>Apprendi</u> does not apply. <u>See</u> <u>United States v. Vasquez</u>, 271 F.3d 93 (3d Cir. 2001).

The Appellees are correct that Crosby claimed in his first § 2241 petition that the Parole Commission lacked a rational basis for its decision to revoke his parole in light of Scott's recantation and that the District Court denied this claim on the merits in February, 1999. Rather than appeal that decision, Crosby filed the exact same claim in a second § 2241 petition, arguing this time that, absent Scott's testimony, the evidence relied on was too speculative and vague. Crosby has not provided any explanation for his failure to raise his current claim in the first § 2241 petition or to excuse his failure to appeal the

---

[1] In connection with this disposition, we have fully considered the Appellee's "Motion for Summary Affirmance" and Crosby's "Reply to Appellee's Motion for Summary Affirmance."

denial of the first § 2241 petition.  Crosby has not shown cause and prejudice, and he has made no showing sufficient to support a finding that a fundamental miscarriage of justice would result from a failure to entertain his claim.  See Zayas v. INS, 311 F.3d 247, 257-58 (3d Cir. 2002) (citing McCleskey v. Zant, 499 U.S. 467, 495 (1991)).  Crosby argues that because his claim is one of actual innocence, failure to consider the merits of the claim on appeal would constitute a fundamental miscarriage of justice.  However, he offers no evidence of actual innocence in this proceeding different from that which the District Court rejected in the prior § 2241 proceeding.  Mere disagreement with the basis for a decision on a prior § 2241 petition does not confer license to re-litigate the contention in a successive § 2241 proceeding.  Crosby's claim, therefore, is procedurally barred.

Notwithstanding this procedural infirmity, we fully agree with the District Court that Crosby's claim in the second § 2241 petition is without substantive merit.  See D. Ct. Op. at 12.

For these reasons, we will affirm the District Court's judgment.